1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   ROBERT C. GEBHARDT (Bar No. 48965)
2  J.T. WELLS BLAXTER (Bar No. 190222)
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California 94111-3824
   Telephone:   (415) 398-8080
4  Facsimile:   (415) 398-5584
   Email:       rgebhardt@jmbm.com
5               wblaxter@jmbm.com

6  Attorneys for Plaintiffs CESSNA EMPLOYEES CREDIT
   UNION, ADVANTAGE PLUS FEDERAL CREDIT UNION,
7  EAST IDAHO CREDIT UNION, HEALTH SERVICES CREDIT
   UNION, IDAHO FALLS TEACHERS CREDIT UNION, LES
8  BOIS FEDERAL CREDIT UNION, CLEARWATER CREDIT
   UNION, SCENIC FALLS FEDERAL CREDIT UNION, and
9  SIMCOE CREDIT UNION, ST. ALPHONSUS MEDICAL
   CREDIT UNION, POCATELLO RAILROAD FEDERAL
10 CREDIT UNION, and RACOM COMMUNITY CREDIT UNION

11

12 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   MICHAEL H. AHRENS (Bar No. 44766)
   ORI KATZ (Bar No. 209561)
13 Four Embarcadero Center, Seventeenth Floor
   San Francisco, California 94111-3824
14 Telephone:   (415) 434-9100
   Facsimile:   (415) 434-3947
15 Email:       mahrens@sheppardmullin.com
                okatz@sheppardmullin.com
16
   Attorneys for Plaintiff TRANSIT EMPLOYEES FEDERAL
17 CREDIT UNION

18
                    UNITED STATES DISTRICT COURT
19
                   NORTHERN DISTRICT OF CALIFORNIA
20
                        SAN FRANCISCO DIVISION
21

22 CESSNA EMPLOYEES CREDIT UNION; a          CASE NO. CV 07 5771
   Kansas state chartered credit union;
23 ADVANTAGE PLUS FEDERAL CREDIT              COMPLAINT FOR DECLARATORY
   UNION, a Federally chartered credit union; RELIEF, BREACH OF CONTRACT,
24 EAST IDAHO CREDIT UNION, an Idaho state    BREACH OF THE COVENANT OF GOOD
   chartered credit union; HEALTH SERVICES    FAITH AND FAIR DEALING AND BAD
25 CREDIT UNION; an Iowa state chartered credit FAITH
   union; IDAHO FALLS TEACHERS CREDIT
26 UNION, an Idaho state chartered credit union;
   and LES BOIS FEDERAL CREDIT UNION; a
27 Federally chartered credit union;          CERTIFICATION OF INTERESTED
   CLEARWATER CREDIT UNION, an Idaho          PARTIES [Civil L.R. 3-16]
28 state chartered credit union; SCENIC FALLS
   FEDERAL CREDIT UNION, a Federally

chartered credit union; and SIMCOE CREDIT UNION, an Idaho state chartered credit union, ST. ALPHONSUS MEDICAL CREDIT UNION, an Idaho state chartered credit union; POCATELLO RAILROAD FEDERAL CREDIT UNION, a Federally chartered credit union; RACOM COMMUNITY CREDIT UNION, an Iowa state chartered credit union; and, TRANSIT EMPLOYEES FEDERAL CREDIT UNION, a Federally chartered credit union,

    Plaintiffs,

  v.

CUNA MUTUAL GROUP, a Wisconsin corporation and CUMIS INSURANCE SOCIETY, INC., a Wisconsin corporation,

    Defendants.

    Plaintiffs CESSNA EMPLOYEES CREDIT UNION, a Kansas state chartered credit union; ADVANTAGE PLUS FEDERAL CREDIT UNION, a Federally chartered credit union; EAST IDAHO CREDIT UNION, an Idaho state chartered credit union; HEALTH SERVICES CREDIT UNION, an Iowa state chartered credit union; IDAHO FALLS TEACHERS CREDIT UNION, an Idaho state chartered credit union; LES BOIS FEDERAL CREDIT UNION, a Federally chartered credit union; CLEARWATER CREDIT UNION, an Idaho state chartered credit union; SCENIC FALLS FEDERAL CREDIT UNION, a Federally chartered credit union; and SIMCOE CREDIT UNION, an Idaho state chartered credit union; ST. ALPHONSUS MEDICAL CREDIT UNION, an Idaho state chartered credit union; POCATELLO RAILROAD FEDERAL CREDIT UNION, a Federally chartered credit union; RACOM COMMUNITY CREDIT UNION, an Iowa state chartered credit union; and TRANSIT EMPLOYEES FEDERAL CREDIT UNION, a Federally chartered credit union, as follows.

## THE PARTIES

  1.  Plaintiffs are thirteen member-owned credit unions who provide financial services to their members, including the making of residential mortgage loans.

614727v3

Complaint
Case No. TBA

2. Plaintiff Cessna Employees Credit Union ("CECU") is organized under the laws of the State of Kansas and maintains its principal place of business in Wichita, Kansas.

3. Plaintiff Advantage Plus Federal Credit Union ("Advantage") is organized under the laws of the United States of America and maintains its principal place of business in the State of Idaho, and conducts its business entirely in the State of Idaho.

4. East Idaho Credit Union ("East Idaho") is organized under the laws of the State of Idaho and maintains its principal place of business in Idaho Falls, Idaho.

5. Plaintiff Health Services Credit Union ("HSCU") is organized under the laws of the State of Iowa and maintains its principal place of business in Dubuque, Iowa.

6. Plaintiff Idaho Falls Teachers Credit Union ("Idaho Falls") is organized under the laws of the State of Idaho and maintains its principal place of business in Idaho Falls, Idaho.

7. Plaintiff Les Bois Federal Credit Union ("Les Bois") is organized under the laws of the United States of America and maintains its place of business in the State of Idaho, and conducts its business entirely in the State of Idaho.

8. Plaintiff Clearwater Credit Union ("CCU") is organized under the laws of the State of Idaho and maintains its principal place of business in Lewiston, Idaho.

9. Plaintiff Scenic Falls Federal Credit Union ("SFFCU") is organized under the laws of the United States of America and maintains its principal place of business in the State of Idaho, and conducts its business entirely in the State of Idaho.

10. Plaintiff Simcoe Credit Union ("SCU") is organized under the laws of the State of Idaho and maintains its principal place of business in Heyburn, Idaho.

11. Plaintiff St. Alphonsus Medical Credit Union ("SAM") is organized under the laws of the State of Idaho and maintains its principal place of business in Boise, Idaho.

12. Plaintiff Pocatello Railroad Federal Credit Union ("Pocatello") is organized under the laws of the State of Idaho and maintains its principal place of business in Pocatello, Idaho.

13. Plaintiff Racom Community Credit Union ("Racom") is organized under the laws of the State of Iowa and maintains its principal place of business in Dyersville, Iowa.

14. Plaintiff Transit Employees Federal Credit Union ("Transit") is organized under the

1  law of the District of Columbia and maintains its principal place of business in the District of
2  Columbia.
3      15.    Defendant CUNA Mutual Group ("CUNA") is organized under the laws of the State
4  of Wisconsin and maintains its principal place of business in Wisconsin. Based on information and
5  belief, it is wholly owned by CUMIS.
6      16.    Defendant Cumis Insurance Society, Inc. ("CUMIS") is organized under the laws of
7  the State of Wisconsin and maintains its principal place of business in Wisconsin.

## JURISDICTION

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) in that all Plaintiffs are organized in, or maintain their respective principal places of business in a state that is different from the State of Wisconsin, in which Defendants CUNA and CUMIS are incorporated, and the all of the states where Plaintiffs are incorporated and maintain their principal places of business, and in that the amount in controversy is more than $75,000.00.

## VENUE

18. This Court is the proper place for trial under 28 U.S.C. §1391 because Defendants' employees and/or servicing contractors breached the "Credit Union Support Services and Correspondent Mortgage Lending Agreement" (the "LoriMac Servicing Agreement") with each Plaintiff in the City and County of San Francisco, California, which is the principal place of business of LoriMac Inc. and is where all of the events or omissions which give rise to the claims averred herein occurred. An exemplar copy of the LoriMac Servicing Agreement is attached hereto, incorporated herein, and marked as Exhibit 1.

## INTRADISTRICT ASSIGNMENT

19. Pursuant to Civil L.R. 3-2(c) and 3-5(b), the San Francisco Division of this Court is the proper division for trial because employees and/or servicing contractors, as defined in its Bonds hereinafter described, breached the LoriMac Servicing Agreement with each Plaintiff in the City and County of San Francisco, California, which is the principal place of business of LoriMac and is where all of the events or omissions which give rise to the claims averred herein occurred.

## THE BONDS

20. CECU purchased Bond Number 032339-14 from CUNA on or about February 1, 2006.

21. Advantage purchased Bond Number 111-0062-7 from CUNA on or about May 18, 2006.

22. East Idaho purchased Bond Number 037882-14 from CUNA on or about May 6, 2006.

23. HSCU purchased Bond Number 032216-10 from CUNA on or about July 17, 2006.

24. Idaho Falls purchased Bond Number 037907-10 from CUNA on or about May 10, 2006.

25. Les Bois purchased Bond Number 037911-13 from CUNA on or about July 1, 2006.

26. CCU purchased Bond Number 037925-10 from CUNA on or about September 9, 2006.

27. SFFCU purchased Bond Number 037939-17 from CUNA on or about March 24, 2006.

28. SCU purchased Bond Number 037937-13 from CUNA on or about February 18, 2006.

29. SAM purchased Bond Number 037930-13 from CUNA on or about December 09, 2006.

30. Pocatello purchased Bond Number 037879-12 from CUNA on or about June 13, 2006.

31. Racom purchased Bond Number 032210-11 from CUNA on or about August 29, 2006.

32. Transit purchased Bond Number 104993-2 from CUNA on or about October 1, 2006.

33. Each of the aforementioned Bonds shall collectively be referred to as the "Bonds." A copy of an exemplar bond is attached hereto, incorporated herein by reference and marked as Exhibit 2.

**PLAINTIFFS AND LORIMAC, INC.**

614727v3

Complaint
Case No. TBA

34. Plaintiffs and each of them entered into LoriMac Servicing Agreements, with LoriMac, Inc. ("LoriMac") during its years 2003 and 2004. The terms of the LoriMac Servicing Agreement are identified for each plaintiff. Pursuant to the express terms of the Servicing Agreements, LoriMac agreed to originate, process, underwrite, seek disposition of, assist in closing, and to arrange in funding residential mortgage loans made to members by each Plaintiff ("Loan Production Services").

35. Pursuant to the LoriMac Servicing Agreements, LoriMac agreed to service the residential mortgage loans made to members by each Plaintiff by collecting all principal, interest, principal prepayments and loan payoffs, keeping full and complete records pertaining to each loan, including collections made, and disbursements made for the distribution of principal, interest, principal prepayment or loan payoffs, remitting payments collected, less servicing fees, to the Plaintiff owner of the loan on or before the twentieth (20th) day of each month, and to give each Plaintiff reasonable access to all books and records pertaining to the loans ("Loan Servicing").

36. Pursuant to the LoriMac Servicing Agreement, LoriMac agreed to assist each Plaintiff in selling residential mortgage loans to the secondary market.

37. On numerous occasions beginning in approximately the middle of 2006, each Plaintiff requested that LoriMac give an accounting of the residential mortgage loans originated by each Plaintiff, including the sums collected by LoriMac in providing Loan Servicing and sums collected by LoriMac on the sale of residential mortgage loans to the secondary market, but LoriMac intentionally refused and failed to give an accounting or to pay the sums that are due and owing to each Plaintiff as averred herein.

38. Instead of remitting the aforementioned funds that belonged to Plaintiffs, LoriMac, Inc. embezzled, converted and otherwise misappropriated well over four million dollars ($4,000,000.00) of Plaintiffs' money.

**THE ACTIONS AGAINST LORIMAC, INC.**

39. On January 8, 2007, CECU, Advantage, East Idaho, HSCU, Idaho Falls and Les Bois filed an action against LoriMac in the Northern District Court – San Francisco Division (Case No. C 07 –120 JEW).

- 6 -

614727v3

Complaint
Case No. TBA

40. On January 12, 2007, CCU, SFFCU, and SCU filed an action against LoriMac in the Northern District Court – San Francisco Division (Case No. C 07 –244 CRB).

41. On February 13, 2007, LoriMac declared bankruptcy under Chapter 7. On that day and several times thereafter, Lorraine Legg the Chief Executive Officer of LoriMac invoked her Fifth Amendment right against self-incrimination and refused to respond to questions asked of her by the bankruptcy trustee's lawyer.

42. In a deposition shortly after LoriMac declared bankruptcy, Jeanette Adams, the Chief Financial Officer of LoriMac invoked her Fifth Amendment right against self-incrimination and refused to respond to questions asked of her.

43. Notwithstanding Legg and Adams' refusals to testify, pertinent documents bring the operations of LoriMac, Inc. into focus and demonstrate it to have been a vehicle for embezzling funds that belonged to the Plaintiffs.

44. Under the terms of the contract LoriMac had with each Plaintiff credit union, LoriMac was authorized to assist Plaintiffs in the sale of the mortgages of credit union members to the secondary market. The money that LoriMac received on those sales was the property of the credit unions, and was held in trust for payment by LoriMac to the Plaintiff credit unions. Until about 2006, payments to the Plaintiffs on these sales were generally made within 90 days of the sale.

45. However, beginning on 2006, LoriMac began to fail to remit the proceeds of the Secondary Market Sales to Plaintiffs in a timely fashion.

46. Plaintiff are informed and believe that LoriMac -- rather than paying its rightful owners -- used the proceeds of the Secondary Market Sales for other purposes, which included the upstream payment of about $1.8 million to TIS Financial Services – a entity 100% owned by Lorraine Legg.

47. LoriMac's status as an Employee and/or Servicing Contractor of the Plaintiffs credit unions' mortgages enabled it to engage in a Ponzi-scheme for years.

48. Misappropriation by LoriMac of the Plaintiff credit unions' funds in the manner described herein constitutes embezzlement. The failure to pay on each of these loans constitutes a

- 7 -

614727v3

Complaint
Case No. TBA

1  dishonest act by LoriMac, Inc. -- an "employee" as defined by the Bonds.

2      49.    As a direct and proximate result of the acts of LoriMac, Plaintiffs suffered losses, which resulted directly from the dishonest acts of their employee, LoriMac.

### PLAINTIFFS' CLAIMS UNDER THE BONDS

50.    Plaintiffs have complied with all notice requirements contained in the Bonds by providing notice to CUNA in accordance with its terms. On or about June 15, 2007, Plaintiffs submitted their Proofs of Loss to CUNA. The Proofs of Loss detailed the amount of the loss suffered by each Plaintiff and the manner in which the loss occurred.

51.    The Proofs of Loss also identified as Employees under the Bonds LoriMac, Inc. Lorraine O. Legg, Jeanette Adams, John Castello and all officers and employees of LoriMac.

52.    The Bonds require CUNA to pay plaintiffs for losses resulting directly from dishonest acts committed by "Employees" -- as that term is defined in the Bonds.

### COVERAGE UNDER THE BONDS

53.    Pursuant to the express terms of the Bonds, Defendants and each of them are obligated to pay Plaintiffs for their losses resulting directly from dishonest acts committed by an employee, with the direct result of causing Plaintiff credit unions to sustain a loss, and to obtain financial benefit for either the employee or for any other person or entity. Coverage A of the Bonds ["Employee and Director Dishonesty"] provides:

> We will pay you for your loss resulting directly from dishonest acts committed by an "employee" or "director," acting alone or in collusion with others."
>
> Such dishonest acts must be committed by the "employee" or "director: with the manifest intent to :
>
> a. cause you to sustain such loss; and
>
> b. obtain financial benefit for the "employee" or "director" or any other person or entity.
>
> . . .

54.    The term "Employee" is a defined term under the Bonds, and includes a corporation and its employees who the credit union has authorized to process the credit unions' checks, to

- 8 -

process members' bill payments or to process accounting records.

55. As "Employees" of the Plaintiffs as that term is defined in the Bonds, credit Unions, and in violation of the fiduciary duties to Plaintiffs, LoriMac knew of, acquiesced in, and actively diverted funds, which were the property of the Plaintiffs.

56. Under the terms of the LoriMac Servicing Agreement, LoriMac was authorized to, and did, collect principal, interest, and prepayments from union members and from mortgage purcahses, and kept full and complete records on each loan made by each credit union to its members.

57. LoriMac diverted payments it received on each estate mortgage loans from the rightful owners, i.e. the credit unions, this diversion constituted dishonest acts by LoriMac causing loss to the credit union and financial benefit to LoriMac and its principals, employees and others.

58. Under the Bonds, a "Servicing Contractor means any person or entity duly authorized by [a credit union] to perform any of the following services and only while performing such services:

    a. Collect and record payments on real estate mortgage or home improvement loans; or

    b. Establish tax or insurance escrow accounts on real estate mortgage or home improvement loans, made, held, or assigned by [a credit union];

59. While performing the acts of collecting and recording payments for real estate mortgage loans, and establishing tax or escrow accounts as aforementioned, LoriMac diverted payments it received for real estate mortgage loans, which constituted dishonest acts by LoriMac causing loss to the credit unions and financial benefit to LoriMac and its principals, employees and others.

## FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT ON CUNA'S OBLIGATIONS TO PLAINTIFFS UNDER THE BOND

60. Plaintiffs incorporate herein the averments of Paragraphs 1 through 59, inclusive, as if the same were fully set forth herein.

61. CUNA is obligated under the Bonds to pay in full all losses incurred by Plaintiffs as a result of the dishonest acts of Plaintiffs' Employees and/or Servicing Contractors.

62. CUNA has repudiated, failed to honor, and refused to accept its obligations to pay in full the losses suffered by Plaintiffs as a result of the dishonest acts of Plaintiffs' Employees and/or Servicing Contractors.

63. By reason of the foregoing, an actual and justiciable controversy presently exists between Plaintiffs and CUNA concerning CUNA's obligation to pay in full all losses suffered by Plaintiffs. Accordingly, Plaintiffs seek a declaration that CUNA's refusal to pay in full all losses suffered by Plaintiffs is wrongful under the Bonds and that CUNA has an obligation under the Bonds to pay in full all losses suffered by Plaintiffs.

## SECOND CLAIM FOR RELIEF: DECLARATORY JUDGMENT ON CUMIS' OBLIGATION TO PLAINTIFFS UNDER THE BOND

64. Plaintiffs incorporate herein the averments of Paragraphs 1 through 63, inclusive, as if the same were fully set forth herein.

65. CUMIS is obligated under the Bonds to pay in full all losses incurred by Plaintiffs as a result of the dishonest acts of Plaintiffs' Employees and/or Servicing Contractors.

66. CUMIS has repudiated, failed to honor, and refused to accept its obligations to pay in full the losses suffered by Plaintiffs as a result of the dishonest acts of Plaintiffs' Employees and/or Servicing Contractors.

67. By reason of the foregoing, an actual and justiciable controversy presently exists between Plaintiffs and CUMIS concerning CUMIS' obligation to pay in full all losses suffered by Plaintiffs. Accordingly, Plaintiffs seek a declaration that CUMIS' refusal to pay in full all losses suffered by Plaintiffs is wrongful under the Bonds and that CUMIS has an obligation under the Bonds to pay in full all losses suffered by Plaintiffs.

## THIRD CLAIM FOR RELIEF: CUNA'S BREACH OF CONTRACT

68. Plaintiffs incorporate herein the averments of Paragraphs 1 through 67, inclusive, as if the same were fully set forth herein.

69. CUNA has breached its obligations to Plaintiffs under the Bonds by failing to honor

its obligations under the Bonds to pay Plaintiffs for all losses suffered by the dishonest acts of its Employees and/or Servicing Contractors.

70. As a direct and proximate result of CUNA's breaches of contract, which are continuing to at least the date of this Complaint, CUNA has deprived Plaintiffs of the benefit of the Bonds for which substantial premiums were paid for their benefit. As a direct and proximate result of CUNA's acts, Plaintiffs have been damaged in an amount to be proved at trial and in excess of the jurisdictional requirements of this Court.

**FOURTH CLAIM FOR RELIEF: CUMIS' BREACH OF CONTRACT**

71. Plaintiffs incorporate herein the averments of Paragraphs 1 through 70, inclusive, as if the same were fully set forth herein.

72. CUMIS has breached its obligations to Plaintiffs under the Bonds by failing to honor its obligations to pay Plaintiffs for all losses suffered by the dishonest acts of its Employees and/or Servicing Contractors.

73. As a direct and proximate result of CUMIS' breaches of contract, which are continuing to at least the date of this Complaint, CUMIS has deprived Plaintiffs of the benefit of the Bonds for which substantial premiums were paid for their benefit. As a direct and proximate result of CUMIS' acts, Plaintiffs have been damaged in an amount to be proved at trial and in excess of the jurisdictional requirements of this Court.

**FIFTH CLAIM FOR RELIEF: CUNA'S BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

74. Plaintiffs incorporate herein the averments of Paragraphs 1 through 73, inclusive, as if the same were fully set forth herein.

75. CUNA has breached the covenant of good faith and fair dealing owed to Plaintiffs under the Bonds by failing to honor completely its obligations to pay Plaintiffs for all losses suffered by the dishonest acts of its Employees and/or Servicing Contractors.

76. As a direct and proximate result of CUNA's breaches of the covenant of good faith and fair dealing, which are continuing to at least the date of this Complaint, CUNA has deprived Plaintiffs of the benefit of the Bonds for which substantial premiums were paid for their benefit. As

a direct and proximate result of CUNA's acts, Plaintiffs have been damaged in an amount to be proved at trial and in excess of the jurisdictional requirements of this Court.

### SIXTH CLAIM FOR RELIEF:  CUMIS' BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

77. Plaintiffs incorporate herein the averments of Paragraphs 1 through 76, inclusive, as if the same were fully set forth herein.

78. CUMIS has breached the covenant of good faith and fair dealing owed to Plaintiffs under the Bonds by failing to honor its obligation to pay Plaintiffs for all losses suffered by the dishonest acts of its Employees and/or Servicing Contractors.

79. As a direct and proximate result of CUMIS' breaches of the covenant of good faith and fair dealing, which are continuing to at least the date of this Complaint, CUMIS has deprived Plaintiffs of the benefit of the Bonds for which substantial premiums were paid for their benefit. As a direct and proximate result of CUMIS' acts, Plaintiffs have been damaged in an amount to be proved at trial and in excess of the jurisdictional requirements of this Court.

### SEVENTH CLAIM FOR RELIEF:  BAD FAITH AGAINST CUNA AND CUMIS

80. Plaintiffs incorporate herein the averments of Paragraphs 1 through 82, inclusive, as if the same were fully set forth herein.

81. Defendants, and each of them, have an obligation to Plaintiffs to handle their claims under the Bonds reasonably and in good faith. In contravention of its duties and obligations under the Bonds, under industry custom, practice and standards, and under law, Defendants have 1) decided without reasonable basis to deny coverage for Plaintiffs claims under the Bonds and repudiated its obligations to Plaintiffs; 2) failed to conduct a reasonable and thorough investigation of the claims made in connection with Plaintiffs claims and of possible basis for coverage, all in violation of accepted industry custom, practice and standards and its duties to Plaintiffs; 3) asserted, without any reasonable basis, and without regard to its obligation to pay Plaintiffs, that there is no coverage under the Bonds; 4) intentionally and willfully refused to honor its obligations, including those under the Bonds; 5) failed to promptly or reasonably respond to the claim of HSCU when CUNA knew time was of the essence in avoiding severe financial results as a consequence of

LoriMac's theft.

82. Defendants did the things and committed the acts alleged above for the purpose of consciously withholding from Plaintiffs the rights and benefits to which they are entitled under the Bonds, and without considering the interests of Plaintiffs at least to the same extent as it did its own interests.

83. Defendants' acts are inconsistent with the reasonable expectations of Plaintiffs, are contrary to established claims and practices and legal requirements, are contrary to the express terms of the Bonds, and constitute bad faith.

84. Defendants' conduct is and has been done with a conscious disregard of Plaintiffs' rights as beneficiaries of the Bonds.

85. In light of information, facts, and relevant law to the contrary, Defendants, and each of them, by acting as alleged above, consciously disregarded Plaintiffs' rights and had prejudiced and continues to prejudice Plaintiffs' ability to recover their losses. Defendants' actions have exposed Plaintiffs to and caused ruinous liability in contravention of the duties created under the Bonds upon which Plaintiffs have relied.

**PRAYER**

WHEREFORE, Plaintiffs and each of them request this Court to enter judgment as follows with respect to the Bonds:

1. With respect to the First Claim, a declaration that CUNA is obligated under the terms and conditions of the Bond to pay in full all losses incurred by Plaintiffs as a result of the dishonest acts of Plaintiffs' employees and/or servicing contractors.

2. With respect to the Second Claim, a declaration that CUMIS is obligated under the terms and conditions of the Bond to pay in full all losses incurred by Plaintiffs as a result of the dishonest acts of Plaintiffs' employees and/or servicing contractors.

3. With respect to the Third and Fourth Claims, for damages according to proof at the time of trial, plus interest;

614727v3

Complaint
Case No. TBA

4. With respect to the Fifth and Sixth Claims, for damages according to proof at the time of trial, plus interest;

5. With respect to the Seventh Claim, for damages according to proof at the time of trial, plus interest in an amount to be determined at the time of trial.

6. With respect to all claims:

    a. Plaintiffs' attorneys' fees and costs of suit incurred herein;

    b. Interest on such fees and costs; and,

    c. For such other, further relief and/or different relief as the Court may deem just and proper.

DATED: November 13, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP

By: /s/ ROBERT C. GEBHARDT

Attorneys for Plaintiffs CESSNA EMPLOYEES CREDIT UNION, ADVANTAGE PLUS FEDERAL CREDIT UNION, EAST IDAHO CREDIT UNION, HEALTH SERVICES CREDIT UNION, IDAHO FALLS TEACHERS CREDIT UNION, LES BOIS FEDERAL CREDIT UNION, CLEARWATER CREDIT UNION, SCENIC FALLS FEDERAL CREDIT UNION, SIMCOE CREDIT UNION, ST. ALPHONSUS MEDICAL CREDIT UNION, POCATELLO RAILROAD FEDERAL CREDIT UNION and RACOM COMMUNITY CREDIT UNION

DATED: November 13, 2007

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: /s/ MICHAEL H. AHRENS

Attorneys for Plaintiff TRANSIT EMPLOYEES FEDERAL CREDIT UNION

614727v3

Complaint
Case No. TBA

# CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: November 13, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP

By: _____
ROBERT C. GEBHARDT

Attorneys for Plaintiffs CESSNA EMPLOYEES CREDIT UNION, ADVANTAGE PLUS FEDERAL CREDIT UNION, EAST IDAHO CREDIT UNION, HEALTH SERVICES CREDIT UNION, IDAHO FALLS TEACHERS CREDIT UNION, LES BOIS FEDERAL CREDIT UNION, CLEARWATER CREDIT UNION, SCENIC FALLS FEDERAL CREDIT UNION, SIMCOE CREDIT UNION, ST. ALPHONSUS MEDICAL CREDIT UNION, POCATELLO RAILROAD FEDERAL CREDIT UNION and RACOM COMMUNITY CREDIT UNION

DATED: November 13, 2007

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _____
MICHAEL H. AHRENS

Attorneys for Plaintiff TRANSIT EMPLOYEES FEDERAL CREDIT UNION