1 SEDGWICK, DETERT, MORAN & ARNOLD LLP
MICHAEL R. DAVISSON  Bar No. 83278
2 michael.davisson@sdma.com
DAVID A. RING  Bar No. 190011
3 david.ring@sdma.com
801 South Figueroa Street, 19th Floor
4 Los Angeles, California  90017-5556
Telephone:     (213) 426-6900
5 Facsimile:      (213) 426-6921

6 Attorneys for Defendant
CUNA MUTUAL GROUP, a Wisconsin corporation and CUMIS INSURANCE SOCIETY,
7 INC., a Wisconsin corporation,

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12

| | |
|---|---|
| CESSNA EMPLOYEES CREDIT UNION, a Kansas state chartered credit union; ADVANTAGE PLUS FEDERAL CREDIT UNION, a Federally chartered credit union; EAST IDAHO CREDIT UNION, a Idaho state chartered credit union; HEALTH SERVICES CREDIT UNION; an Iowa state chartered credit union; IDAHO FALLS TEACHERS CREDIT UNION, an Idaho state chartered credit union; LES BOIS FEDERAL CREDIT UNION, a Federally chartered credit union; CLEARWATER CREDIT UNION, an Idaho state chartered credit union; SCENIC FALLS FEDERAL CREDIT UNION, a Federally chartered credit union; SIMCOE CREDIT UNION, an Idaho state chartered credit union, ST. ALPHONSUS MEDICAL CREDIT UNION, an Idaho state chartered credit union; POCATELLO RAILROAD FEDERAL CREDIT UNION, a Federally chartered credit union; RACOM COMMUNITY CREDIT UNION, an Iowa state chartered credit union; and TRANSIT EMPLOYEES FEDERAL CREDIT UNION, a Federally chartered credit union,<br><br>        Plaintiffs, | CASE NO. CV 07 5771 (JSW)<br><br>Hon. Jeffrey S. White<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICATION OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PENDING COMPLETION OF FIRST-FILED STATE COURT PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[FRCP 12(b)(1)]**<br><br>[Declarations of Janice C. Doyle and David A. Ring in Support Thereof, and [Proposed] Order]<br><br>DATE:           January 11, 2008<br>TIME:           9:00 a.m.<br>COURTROOM:  2 |

-1-        **CASE NO. CV 07 5771 (JSW)**
Defendants' Notice of Motion and Motion to Dismiss;
Memo of Points and Authorities in Support of
Defendants' Motion to Dismiss

1  v.

2  CUNA MUTUAL GROUP, a Wisconsin corporation and CUMIS INSURANCE
3  SOCIETY, INC., a Wisconsin corporation,

4
   Defendants.
5

6

7

8  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

9  **PLEASE TAKE NOTICE** that defendants Cumis Insurance Society, Inc. ("Cumis") and

10 Cuna Mutual Group ("CUNA," an erroneously sued non-entity) hereby move, pursuant to Rule

11 12 (b)(1) of the Federal Rules of Civil Procedure, for an order dismissing the complaint filed by

12 plaintiffs Cessna Employees' Credit Union, Advantage Plus Federal Credit Union, East Idaho

13 Credit Union, Health Services Credit Union, Idaho Falls Teachers Credit Union, Les Bois Federal

14 Credit Union, Clearwater Credit Union, Scenic Falls Federal Credit Union, Simcoe Credit Union,

15 St. Alphonsus Medical Credit Union, Pocatello Railroad Federal Credit Union, Racom

16 Community Credit Union, and Transit Employees Federal Credit Union (collectively, "Plaintiffs")

17 on the grounds that:

18   1.   The Court lacks jurisdiction over the subject matter of this action pursuant to 28

19 U.S.C. § 1332(a) because Cumis is, and was at the time of filing of the complaint, incorporated in

20 the State of Iowa (despite the complaint's allegations to the contrary), and, as alleged in the

21 plaintiffs' complaint, plaintiffs Health Services Credit Union and Racom Community Credit Union

22 are each "organized under the laws of the State of Iowa" and each "maintains its place of

23 business" in Iowa. Accordingly, the requisite "complete diversity" between plaintiffs and

24 defendants is absent, and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).

25 *See, e.g., Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).

26   2.   In the alternative, Defendants move for an order staying this action, pursuant to

27 *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S. Ct. 1236

28 (1976), pending resolution of the ongoing, duplicative state court litigation in the Circuit Court

-2-   **CASE NO. CV 07 5771 (JSW)**
Defendants' Notice of Motion and Motion to Dismiss;
Memo of Points and Authorities in Support of
Defendants' Motion to Dismiss

1  for Dane County, Wisconsin, first filed on September 11, 2007.

2      Before filing this Motion, Cumis met and conferred with Plaintiffs regarding its substance,
3  but the parties were unable to arrive at any informal resolution.

4      This motion is based upon this Notice of Motion and Motion, the accompanying
5  Memorandum of Points and Authorities in support thereof, the Declarations of Janice C. Doyle
6  and David A. Ring in support thereof, all pleadings on file in this action, and upon such other
7  matters as may be presented to the court at the time of the Motion.

8  DATED: December 5, 2007              SEDGWICK, DETERT, MORAN & ARNOLD LLP

                                        By: _____/s/Michael R. Davisson_____
                                            Michael R. Davisson
                                            David A. Ring
                                            Attorneys for Defendant
                                            CUMIS INSURANCE SOCIETY INC., an Iowa
                                            corporation, and CUNA MUTUAL GROUP, an
                                            erroneously sued non-entity

-3-   **CASE NO. CV 07 5771 (JSW)**
Defendants' Notice of Motion and Motion to Dismiss;
Memo of Points and Authorities in Support of
Defendants' Motion to Dismiss

**MEMORANDUM OF POINTS AND AUTHORITIES**

Cumis Insurance Society, Inc. ("Cumis") and Cuna Mutual Group ("CUNA," an erroneously sued non-entity) respectfully submit the following memorandum of points and authorities in support of their motion to dismiss, or stay this action.

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs Cessna Employees' Credit Union, Advantage Plus Federal Credit Union, East Idaho Credit Union, Health Services Credit Union, Idaho Falls Teachers Credit Union, Les Bois Federal Credit Union, Clearwater Credit Union, Scenic Falls Federal Credit Union, Simcoe Credit Union, St. Alphonsus Medical Credit Union, Pocatello Railroad Federal Credit Union, Racom Community Credit Union, and Transit Employees Federal Credit Union (collectively, "Plaintiffs" or the "Credit Unions") have sued defendants for declaratory relief, breach of contract and bad faith in connection with a coverage dispute arising under the Employee Dishonesty Insuring Clause of Form 500 Bonds issued by Cumis to each plaintiff. Plaintiffs allege that this Court has jurisdiction over the subject matter of this lawsuit based upon complete diversity between plaintiffs and defendants pursuant to 28 U.S.C. § 1332. (Complaint, 4: 9-13.) However, this allegation is untrue, because two plaintiffs *and* Cumis are citizens of the State of Iowa.

Cumis has been incorporated in the State of Iowa since May 2007, well before the November 14, 2007 filing of the complaint herein. (Declaration of Janice C. Doyle, ¶ 2, Exh. 1.) As alleged in the complaint, plaintiffs Health Services Credit Union and Racom Community Credit Union are each "organized under the laws of the State of Iowa," and each "maintains its place of business" in Iowa. (Complaint, 3:8-9, 26-27.) The complaint should therefore be dismissed because the complete diversity required by 28 U.S.C. § 1332(a) is absent.

In the alternative, the Court should stay this action because of ongoing, duplicative state court litigation in the Circuit Court for Dane County, Wisconsin (first-filed on September 11, 2007). *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S. Ct. 1236 (1976). As described below, the various non-exclusive criteria identified by the Supreme Court and the Ninth Circuit for application of the "Colorado River doctrine" weigh in favor of

-4-    **CASE NO. CV 07 5771 (JSW)**
Defendants' Notice of Motion and Motion to Dismiss;
Memo of Points and Authorities in Support of
Defendants' Motion to Dismiss

staying this case pending the resolution of the proceedings in Wisconsin state court. Among other things, no party to this action is a citizen of the State of California, no federal question is implicated, and the Wisconsin state court action would dispose of all issues in this coverage dispute.

## II.    SUMMARY OF RELEVANT FACTS

### A.    Jurisdictional Allegations of the Complaint

The Complaint's jurisdictional allegations state:

> The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) in that all Plaintiffs are organized in, or maintain their respective principal places of business in a state that is different from the State of Wisconsin, in which Defendants CUNA and CUMIS are incorporated, and the [sic] all of the states where Plaintiffs are incorporated and maintain their principal places of business, and in that the amount in controversy is more than $75,000.

(Complaint, ¶ 17, 4:9-13.)

Paragraph 5. of the Complaint (3:8-9) states:

> Plaintiff Health Services Credit Union ("HSCU") is organized under the laws of the State of Iowa and maintains its principal place of business in Dubuque, Iowa.

Paragraph 13 of the Complaint (3:26-27) states:

> Plaintiff Racom Community Credit Union ("Racom") is organized under the laws of the State of Iowa and maintains its principal place of business in Dyersville, Iowa.

Paragraph 16 of the Complaint (4:6-7) states:

> Defendant Cumis Insurance Society, Inc. ("CUMIS") is organized under the laws of the State of Wisconsin and maintains its principal place of Business in Wisconsin.

### B.    Cumis is Incorporated in Iowa, not Wisconsin.

On May 3, 2007, Cumis filed its "Restated Articles of Incorporation of Cumis Insurance Society, Inc." with the Secretary of State of the State of Iowa. (Doyle Dec., Exh. 1.) Article II of these Restated Articles of Incorporation explains that they were filed by Cumis "in connection with the redomestication of the Company from the State of Wisconsin to the State of Iowa in

-5-    **CASE NO. CV 07 5771 (JSW)**
Defendants' Notice of Motion and Motion to Dismiss;
Memo of Points and Authorities in Support of
Defendants' Motion to Dismiss

accordance with the provisions of Sections 490.902[1] and 515.99 of the Code of Iowa (2007)." (*Id.,* p. 2.) Thus, as of May 3, 2007, Cumis became an Iowa corporation.

### C. Cumis Filed an Action for Declaratory Relief to Resolve this Coverage Dispute Two Months Before the Instant Complaint Was Filed.

On September 11, 2007, Cumis filed a Complaint for Declaratory Relief in the Circuit Court for Dane County, Wisconsin, where it maintains its principal place of business, to resolve the coverage dispute that is at the heart of the matter currently before this Court. (Declaration David A. Ring, Exh. 2.)[2]

### D. Cumis Has Advised the Credit Unions of the Lack of Complete Diversity and the *Colorado River* Issue.

By letter dated November 21, 2007, Cumis requested that the Credit Unions dismiss the instant matter in light of the lack of complete diversity between plaintiffs and defendants herein. (Ring Dec., Exh. 4.) In that letter, Cumis also requested that the Credit Unions voluntarily dismiss named defendant "CUNA Mutual Group" because it is not a business entity (CUNA Mutual Group is a trade name for a group of insurance companies, including Cumis, that are all incorporated in the State of Iowa). Finally, Cumis advised the Credit Unions of the grounds for a stay of this federal court action. The Credit Unions have nonetheless compelled Cumis to file this Motion.

---

[1] Iowa Code section 490.902 provides in relevant part:
> The secretary of state, upon a corporation complying with this section and upon the filing of articles of incorporation and upon receipt of the fees as provided in this chapter, shall issue an acknowledgment of receipt of document as of the date of the filing of the articles of incorporation with the secretary of state.

[2] On December 3, 2007, the Credit Unions removed the Wisconsin state court action to the United States District Court for the Western District of Wisconsin in an apparent effort to prevent application of the *Colorado River* Doctrine and/or have that matter transferred and/or consolidated in this Court. Cumis will accordingly move to remand that action and seek its expenses pursuant to 28 U.S.C. §1447(c).

-6-   CASE NO. CV 07 5771 (JSW)
Defendants' Notice of Motion and Motion to Dismiss;
Memo of Points and Authorities in Support of
Defendants' Motion to Dismiss

## III. ARGUMENT

### A. Standards for Dismissal Pursuant to FRCP 12(b)(1)

Federal Rule of Civil Procedure, Rule 12(b), provides, in relevant part, that:

> Every defense, in law or fact, to a claim for relief in any pleading. . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, . . .

Plaintiffs bear the burden of establishing subject matter jurisdiction. *Kohler v. Inter-Tel Tech,* 244 F.3d 1167, 1170 Fn. 3 (9th Cir. 2001). In effect, the Court presumes lack of jurisdiction until plaintiff proves otherwise. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994); *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Moreover, where, as here, a Rule 12(b)(1) motion attacks subject matter jurisdiction as a matter of fact, the Court need not consider the allegations of the complaint to be true. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004); *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n,* 149 F.3d 679, 685 (7th Cir. 1998) ("The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question.")

Thus, where a Rule 12 (b)(1) motion consists of a "factual" rather than "facial" attack on jurisdiction, the court may consider extrinsic evidence without converting the motion into one for summary judgment, and if the evidence is disputed, it may weigh the evidence and determine the facts in order to satisfy itself as to its power to hear the case. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000); *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987). In such instances, a plaintiff must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Savage v. Glendale Union High School,* 343 F.3d 1036, 1039, fn. 2 (9th Cir. 2003).

Accordingly, if a defendant can challenge plaintiff's allegations regarding citizenship by extrinsic evidence showing lack of diversity, the burden is then on plaintiffs to prove as a matter

-7-   **CASE NO. CV 07 5771 (JSW)**
Defendants' Notice of Motion and Motion to Dismiss;
Memo of Points and Authorities in Support of
Defendants' Motion to Dismiss

1  of fact that all plaintiffs and all defendants are citizens of different states. *Sinclair v. Spatocco,*
2  452 F.2d 1213 (9th Cir. 1971).

3  **B.**   **The Absence of Complete Diversity Supports Dismissal.**

4  The basic requirement in all diversity cases is that all plaintiffs must be of different
5  citizenship than all defendants. Any instance of common citizenship destroys federal diversity
6  jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553, 125 S. Ct. 2611
7  (2005).

8  The diversity statute provides that a corporation shall be deemed a citizen of "any state by
9  which it has been incorporated and of the State where it has its principal place of business." 28
10 U.S.C. § 1332(c)(1). Citizenship for diversity purposes is assessed at the time the complaint is
11 first-filed. *LeBlanc v. Cleveland,* 248 F.3d 95, 100 (2d Cir. 2001).

12 As confirmed in the concurrently filed Declaration of Janice C. Doyle and the Iowa
13 Secretary of State's Acknowledgement Certificate attached thereto as Exhibit 1, Cumis became
14 incorporated in Iowa in May 2007. Cumis was therefore an Iowa corporation as of
15 November 14, 2007, the date of filing of the complaint.

16 Moreover, Cumis' status as an Iowa corporation destroys diversity because, as alleged in
17 the Complaint, plaintiffs Health Services Credit Union and Racom Community Credit Union are
18 also citizens of the State of Iowa. (Complaint, (3:8-9, 26-27.)

19 **C.**   **In the Alternative, this Matter Should be Stayed In Light of the First- Filed**
20         **Wisconsin State Court Action.**

21 In September 2007, Cumis filed an action for declaratory relief against plaintiffs seeking
22 adjudication of the same coverage dispute outlined in the complaint in this action. Accordingly,
23 this action should be abated or stayed in favor of the first-filed Wisconsin State Court action. As
24 noted in *Attwood v. Mendocino Coast District Hospital,* 886 F.2d 241, 243 (9th Cir. 1989) (citing
25 *Colorado River Water Conservation District v. United States,* 424 U.S. 800 at 817,
26 considerations of 'wise judicial administration, giving regard to conservation of juridical resources
27 and comprehensive disposition of litigation" supports a District Court's decision to decline to
28

-8-    **CASE NO. CV 07 5771 (JSW)**
Defendants' Notice of Motion and Motion to Dismiss;
Memo of Points and Authorities in Support of
Defendants' Motion to Dismiss

1 exercise jurisdiction, and therefore stay an action, in light of pending state court litigation that
2 would provide a complete and prompt resolution of the issues in the case before it.

3   In *Colorado River, supra,* the United States Supreme Court enumerated four factors that
4 courts may consider in determining whether a stay is appropriate.  These Factors are:  (1)
5 whether the state court was the first to assume jurisdiction over a property; (2)  the relative
6 inconvenience of the federal forum; (3)  the desirability of avoiding piecemeal litigation; and (4)
7 the order in which the courts obtained jurisdiction. *Colorado River,* 424 U.S. at 818.  Moreover,
8 in *Moses Cone H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 14, 103 S. Ct. 927
9 (1983), the Supreme Court added two more considerations:  (5) whether federal law federal law
10 provides the rule of decision on the merits; and (6)  whether the state court proceeding can
11 adequately address the rights of the federal plaintiff.  Finally, the Ninth Circuit has added another
12 factor:  (7)  whether the exercise of jurisdiction would encourage forum-shopping.  *Fireman's*
13 *Fund Ins. Co. v. Quackenbush,* 87 F.3d 290, 297 (9th Cir. 1996).

14   Here, the Wisconsin state court action was filed two months before the instant action,
15 therefore Factors (1) and (4) favor a stay.  The application of Factor (2) favors a stay because the
16 California federal forum cannot be deemed "convenient" where, as here, none of the parties is are
17 citizens of California.  With respect to Factor (3) favors a stay because piecemeal litigation and
18 potentially inconsistent results would follow if the declaratory relief action and the instant breach
19 of contract/bad faith action were allowed to concurrently proceed.  Factor (5) is not involved
20 because this coverage dispute will be resolved under state-law contract principles, not federal law.
21 Factor (6) favors the stay because the first-filed Wisconsin state court proceeding can determine
22 all of the issues between the parties.  Finally, Factor (7) favors staying the action because the
23 Credit Unions, by electing to file their action in a jurisdiction in which neither they nor Cumis is a
24 citizen, have apparently engaged in forum-shopping.

25   Since all or nearly all of the various *Colorado River* factors weigh in favor of this Court
26 declining to exercise jurisdiction, this action should be stayed pending the resolution of the
27 Wisconsin state court action.

28

-9-   **CASE NO. CV 07 5771 (JSW)**
Defendants' Notice of Motion and Motion to Dismiss;
Memo of Points and Authorities in Support of
Defendants' Motion to Dismiss

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the action should be dismissed because the Court lacks subject matter jurisdiction. Alternatively, this action should be stayed pending the resolution of the first-filed Wisconsin state court action.

DATED: December 5, 2007                    SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:  /s/Michael R. Davisson
Michael R. Davisson
David A. Ring
Attorneys for Defendant
CUMIS INSURANCE SOCIETY INC., an Iowa corporation, and CUNA MUTUAL GROUP, an erroneously sued non-entity

-10-     CASE NO. CV 07 5771 (JSW)
Defendants' Notice of Motion and Motion to Dismiss;
Memo of Points and Authorities in Support of
Defendants' Motion to Dismiss