1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   MICHAEL R. DAVISSON  Bar No. 83278
2  michael.davisson@sdma.com
   DAVID A. RING  Bar No. 190011
3  david.ring@sdma.com
   801 South Figueroa Street, 19th Floor
4  Los Angeles, California  90017-5556
   Telephone:     (213) 426-6900
5  Facsimile:     (213) 426-6921

6  Attorneys for Defendant
   CUNA MUTUAL GROUP, a Wisconsin corporation and CUMIS INSURANCE SOCIETY,
7  INC., a Wisconsin corporation,

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

| | |
|---|---|
| CESSNA EMPLOYEES CREDIT UNION, a Kansas state chartered credit union; ADVANTAGE PLUS FEDERAL CREDIT UNION, a Federally chartered credit union; EAST IDAHO CREDIT UNION, a Idaho state chartered credit union; HEALTH SERVICES CREDIT UNION; an Iowa state chartered credit union; IDAHO FALLS TEACHERS CREDIT UNION, an Idaho state chartered credit union; LES BOIS FEDERAL CREDIT UNION, a Federally chartered credit union; CLEARWATER CREDIT UNION, an Idaho state chartered credit union; SCENIC FALLS FEDERAL CREDIT UNION, a Federally chartered credit union; SIMCOE CREDIT UNION, an Idaho state chartered credit union; ST. ALPHONSUS MEDICAL CREDIT UNION, an Idaho state chartered credit union; POCATELLO RAILROAD FEDERAL CREDIT UNION, a Federally chartered credit union; RACOM COMMUNITY CREDIT UNION, an Iowa state chartered credit union; and TRANSIT EMPLOYEES FEDERAL CREDIT | CASE NO. CV 07 5771 (JSW)<br><br>Hon. Jeffrey S. White<br><br>**DECLARATION OF JANICE C. DOYLE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, TO STAY PENDING COMPLETION OF STATE COURT PROCEEDINGS**<br><br>[Filed Concurrently with Notice of Motion, Memorandum of Points and Authorities, Declaration of David A. Ring in Support Thereof; [Proposed] Order]<br><br>DATE:         January 11, 2008<br>TIME:         9:00 a.m.<br>COURTROOM:    2 |

UNION, a Federally chartered credit union,

    Plaintiffs,

v.

CUNA MUTUAL GROUP, a Wisconsin corporation and CUMIS INSURANCE SOCIETY, INC., a Wisconsin corporation,

    Defendants.

I, Janice C. Doyle, declare as follows:

1. I am an Assistant Corporate Secretary for CUMIS Insurance Society, Inc. ("CUMIS"), a defendant in the captioned matter. Pursuant to my responsibilities as an Assistant Corporate Secretary for CUMIS, I have personal knowledge of the following facts, and if called upon to do so, I could and would testify competently thereto.

2. CUMIS filed Restated Articles of Incorporation with the Secretary of State of the State of Iowa on May 3, 2007 in connection with its redomestication from the State of Wisconsin to the State of Iowa. Attached hereto and marked Exhibit "1" is a true and correct copy of the "Acknowledgment of Document Filed" that CUMIS received from the Iowa Secretary of State in response to the filing of the aforementioned Restated Articles of Incorporation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 3rd day of December, 2007, in Madison, Wisconsin.

*Janice C. Doyle*

Janice C. Doyle, Declarant

# EXHIBIT "1"



# IOWA
# SECRETARY OF STATE

No. W00526638
Date: 05/04/2007

490 DP-000345378
CUMIS INSURANCE SOCIETY, INC.

ACKNOWLEDGEMENT OF DOCUMENT FILED

The Secretary of State acknowledges receipt of the following document

Articles of Incorporation

The document was filed on May 3, 2007, at 02:40 PM, to be effective as of May 3, 2007, at 02:40 PM.

The amount of $50.00 was received in full payment of the filing fee.

This acknowledgment is issued in accordance with Iowa Code section 590.902.





MICHAEL A. MAURO    SECRETARY OF STATE

Printed on Recycled Paper

# RESTATED ARTICLES OF INCORPORATION
## OF
## CUMIS INSURANCE SOCIETY, INC.

TO THE SECRETARY OF STATE
OF THE STATE OF IOWA:

Pursuant to the provisions of Section 490.1007 of the Iowa Business Corporation Act, the undersigned corporation adopts the following Restated Articles of Incorporation:

1. The name of the corporation is CUMIS Insurance Society, Inc.

2. The corporation has been a Wisconsin stock insurance corporation and, through the filing of these Restated Articles of Incorporation, is becoming an Iowa stock insurance corporation pursuant to Sections 490.902 and 515.99 of the Code of Iowa (2007).

3. The text of the Restated Articles of Incorporation is as follows:

## ARTICLE I

The name of the corporation is CUMIS Insurance Society, Inc. (the "Company").

## ARTICLE II

These Restated Articles of Incorporation (the "Restated Articles") are being filed by the Company in connection with the redomestication of the Company from the State of Wisconsin to the State of Iowa in accordance with the provisions of Sections 490.902 and 515.99 of the Code of Iowa (2007). The Company is continuing its corporate existence which commenced upon its incorporation under the laws of the State of Wisconsin on May 23, 1960, and is retaining all of its original rights, powers, privileges, immunities, franchises and authorities. All of the contract rights of policyowners now holding contracts of insurance issued or assumed by the Company are and shall be retained. Subject to the foregoing, these Restated Articles shall be construed as a substitute for all prior articles of incorporation and amendments thereto.

## ARTICLE III

The principal place of business of the Company and its registered office in the State of Iowa shall be located at 2000 Heritage Way, in the City of Waverly, Bremer County, Iowa, and its registered agent at that office is Reid A. Koenig.



## ARTICLE IV

The Company shall have perpetual duration.

## ARTICLE V

The purpose for which the Company is organized is the transaction of any and all lawful business for which corporations may be organized under the Iowa Business Corporation Act, Chapter 490 of the Code of Iowa (2007), and successor statutory provisions, including but not limited to:

A. Acting as an insurance company pursuant to Chapter 515 of the Code of Iowa (2007), and successor statutory provisions, and writing any or all of the lines of insurance business authorized by Chapter 515 and any other line of insurance business authorized by the laws of the State of Iowa or approved by the Commissioner of Insurance of the State of Iowa.

B. Reinsuring and accepting reinsurance on any or all of the lines of business set forth in paragraph A of this Article V.

## ARTICLE VI

The aggregate number of shares of stock that the Company is authorized to issue is Two Million (2,000,000) shares of common stock, with a par value of Four Dollars ($4.00) per share. The common stock shall have unlimited voting rights and shall be entitled to the net assets of the Company upon dissolution.

## ARTICLE VII

Section 7.1. The business and affairs of the Company shall be managed by a board of directors consisting of not less than nine (9) nor more than fifteen (15) members, with the actual number of members set forth in, or determined in accordance with the procedures prescribed in, the bylaws of the Company (the "Bylaws").

## ARTICLE VIII

The following persons, who constitute the present board of directors of the Company, shall continue to serve as directors for a term expiring at the next annual meeting of shareholders and until their successors are elected and qualified or until their earlier death, resignation or removal:

Eldon R. Arnold
Loretta M. Burd
Joseph J. Gasper
Victoria W. Miller
Jeffrey H. Post
Farouk D. G. Wang
James W. Zilinski

James L. Bryan
William B. Eckhardt
Bert J. Hash
C. Alan Peppers
Neil A. Springer
Larry T. Wilson

## ARTICLE IX

A director of the Company shall not be liable to the Company or its shareholders for money damages for any action taken, or any failure to take any action, as a director, except liability for any of the following: (1) the amount of a financial benefit received by a director to which the director is not entitled; (2) an intentional infliction of harm on the Company or the shareholders; (3) a violation of Section 490.833 of the Iowa Business Corporation Act; or (4) an intentional violation of criminal law. If the Iowa Business Corporation Act is hereafter amended to authorize the further elimination or limitation of the liability of directors, then the liability of a director of the Company, in addition to the limitation on personal liability provided herein, shall be eliminated or limited to the extent of such amendment, automatically and without any further action, to the fullest extent permitted by law. Any repeal or modification of this Article by the shareholders of the Company shall be prospective only and shall not adversely affect any limitation on the personal liability or any other right or protection of a director of the Company with respect to any state of facts existing at or prior to the time of such repeal or modification.

## ARTICLE X

Section 10.1. All capitalized terms used in this Article X and not otherwise hereinafter defined in this Section 10.1 shall have the meaning set forth in Section 490.850 of the Statute. The following capitalized terms (including any plural forms thereof) used in this Article X shall be defined as follows:

(a) "Affiliate" shall include, without limitation, any corporation, partnership, joint venture, employee benefit plan, trust or other enterprise that directly or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the Company.

3

(b) "Authority" shall mean the entity selected by the Director or Officer to determine his or her right to indemnification in accordance with the Bylaws.

(c) "Board" shall mean the entire then elected and serving board of directors of the Company, including all members thereof who are Parties to the subject Proceeding or any related Proceeding.

(d) "Breach of Duty" shall mean the Director or Officer breached or failed to perform his or her duties to the Company and his or her breach of or failure to perform those duties is determined, in accordance with the Bylaws, to constitute any of the following: (i) a transaction from which the Director or Officer received a financial benefit to which the Director or Officer is not entitled; (ii) an intentional infliction of harm on the Company or the shareholders; (iii) a violation of Section 490.833 of the Iowa Business Corporation Act; or (iv) an intentional violation of criminal law.

(e) "Company," as used herein and as defined in the Statute and incorporated by reference into the definitions of certain other capitalized terms used herein, shall mean this Company, including, without limitation, any successor corporation or entity to this Company by way of merger, consolidation or acquisition of all or substantially all of the assets of this Company.

(f) "Director or Officer" shall have the meaning set forth in the Statute; provided, that for purposes of this Article X, it shall be conclusively presumed that any Director or Officer serving as a director, officer, partner, trustee, member of any governing or decision-making committee, employee or agent of an Affiliate shall be so serving at the request of the Company.

(g) "Disinterested Quorum" shall mean a quorum of the Board who are not Parties to the subject Proceeding or any related Proceeding.

(h) "Party" shall have the meaning set forth in the Statute; provided, that, for purposes of this Article X, the term "Party" shall also include any Director or Officer or employee of the Company who is or was a witness in a Proceeding at a time when he or she has not otherwise been formally named a Party thereto.

(i) "Proceeding" shall have the meaning set forth in the Statute; provided, that, for purposes of this Article X, the term "Proceeding" shall also include all Proceedings (i) brought before an Authority or otherwise to enforce rights hereunder; (ii) any appeal from a Proceeding; and (iii) any Proceeding in which the Director or Officer is a plaintiff or petitioner because he or she is a Director or Officer; provided, however, that any such Proceeding under this subsection (iii) must be authorized by a majority vote of a Disinterested Quorum.

(j) "Statute" shall mean Sections 490.850 through 490.858, inclusive, of the Iowa Business Corporation Act, Chapter 490 of the Code of Iowa (2007), as the same shall then be in effect, including any amendments thereto, but, in the case of any such

4

amendment, only to the extent such amendment permits or requires the Company to provide broader indemnification rights than the Statute permitted or required the Company to provide prior to such amendment.

Section 10.2. To the fullest extent permitted or required by the Statute, the Company shall indemnify a Director or Officer against all Liabilities incurred by or on behalf of such Director or Officer in connection with a Proceeding in which the Director or Officer is a Party because he or she is a Director or Officer.

4. These Restated Articles of Incorporation were adopted on April 26, 2007.

5. These duly adopted Restated Articles of Incorporation supersede the original articles of incorporation and all amendments thereto.

6. These Restated Articles of Incorporation amend the original articles of incorporation and all amendments thereto, thus requiring shareholder approval. These Restated Articles of Incorporation were approved by the shareholders of the corporation in the manner required by the Iowa Business Corporation Act and by the original articles of incorporation and all amendments thereto.

Dated this 26th day of April, 2007.

                                 CUMIS Insurance Society, Inc.

SEAL

By: _____
Name: Jeffrey H. Post
Title: President and Chief Executive Officer

By: _____
Name: Faye A. Patzner
Title: Secretary

STATE OF WISCONSIN    )
                                      ) SS
COUNTY OF DANE         )

     On this 26th day of April, 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared Jeffrey H. Post and Faye A. Patzner, being by me duly sworn did say that they are the President and Chief Executive Officer and the Secretary, respectively, of CUMIS Insurance Society, Inc., executing the within and foregoing instrument; that the seal affixed thereto is the seal of said corporation; that said instrument was signed (and sealed) on behalf of said corporation by authority of its Board of Directors; and the said President and Chief Executive Officer and Secretary, as such officers, acknowledged the execution of said instrument to be the voluntary act and deed of said corporation, by it and by them voluntary executed.

_____
Notary Public in and for said State
Exp: 3/16/08

6

COMMISSION CERTIFICATE OF APPROVAL

Pursuant to the relevant provisions of the Iowa Code, the undersigned approve the Restated Articles of Incorporation of **CUMIS Insurance Society, Inc.** (adopted April 26, 2007).

SUSAN E. VOSS
Iowa Insurance Commissioner

By: JAMES N. ARMSTRONG
Deputy Insurance Commissioner

Date: 5/3/07

THOMAS J. MILLER
Iowa Attorney General

By: JEANIE KUNKLE VAUDT
Assistant Attorney General

Date: 5/3/7

FILED
IOWA
SECRETARY OF STATE
5-3-07
2:40 PM


W526638