# EXHIBIT "2"

STATE OF WISCONSIN    CIRCUIT COURT    CIRCUIT    DANE COUNTY
Branch _____

07 SEP 11  PH 4:23

DANE COUNTY W

CUMIS INSURANCE SOCIETY, INC.
5910 Mineral Point Road
Madison, WI 53701

                    Plaintiff,

        v.                                Case No. _____ 07CV35

RACOM COMMUNITY CREDIT UNION          Declaratory Judgment: 30701
1314 9th Street SE
Dyersville IA    52040

SIMCOE CREDIT UNION
510 21st Street
Heyburn ID    83336

SCENIC FALLS FEDERAL CREDIT UNION
PO Box 50307
Idaho Falls ID    83405

POCATELLO RAILROAD FEDERAL CREDIT UNION
216 W Whitman
Pocatello ID    83204

ST ALPHONSUS MEDICAL CREDIT UNION
6130 Emerald
Boise ID    83704

CLEARWATER CREDIT UNION
PO Box 494
320 15th Street
Lewiston ID    83501

LES BOIS FEDERAL CREDIT UNION
393 South 3rd Street
Boise ID    83702

THIS IS AN AUTHENTICATED COPY OF THE ORIGINAL DOCUMENT FILED WITH THE DANE COUNTY CLERK OF CIRCUIT COURT.

CARLO ESQUEDA
CLERK OF CIRCUIT COURT

IDAHO FALLS TEACHERS CREDIT UNION
PO Box 2871
Idaho Falls ID    83403

EAST IDAHO CREDIT UNION
PO Box 1685
Idaho Falls ID    83403

CESSNA EMPLOYEES CREDIT UNION
Four Cessna Blvd
Wichita KS        67215

HEALTH SERVICES CREDIT UNION
1200 Associates Drive
Dubuque IA    52002

ADVANTAGE PLUS FEDERAL CREDIT UNION
PO Box 4610
Pocatello ID      83205

TRANSIT EMPLOYEES FEDERAL CREDIT UNION
2000 Bladensburg Road NE
Washington DC  20018

      Defendants.

---

SUMMONS

---

THE STATE OF WISCONSIN

To each person named above as a Defendant:

      You are hereby notified that the Plaintiff named above has filed a lawsuit or other

legal action against you.  The Complaint, which is attached, states the nature and basis of the

legal action.

Within 20 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is Clerk of Circuit Court, City-County Building, 215 S Hamilton Street, Madison Wisconsin 53703, and to Stafford Rosenbaum LLP, 222 West Washington Avenue, Suite 900, P.O. Box 1784, Madison, Wisconsin 53701. You may have an attorney help or represent you.

If you do not provide a proper answer within 20 days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

If you require the assistance of auxiliary aids or services because of a disability, call 266-4678 (TDD 266-4625) and ask for the Court ADA Coordinator.

Dated:  September 11, 2007.

STAFFORD ROSENBAUM LLP

By _____
Joseph P. Wright
State Bar Number 1001904
Attorneys for Plaintiff

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
608.256.0226

STATE OF WISCONSIN       CIRCUIT COURT ~~CIRCUIT COURT~~ DANE COUNTY
                         Branch _____

                              07 SEP 11  PM 4: 23

CUMIS INSURANCE SOCIETY, INC.       DANE COUNTY WI
5910 Mineral Point Road
Madison, WI 53701
            Plaintiff,

        v.                              Case No. ___07CV5335___

RACOM COMMUNITY CREDIT UNION            Declaratory Judgment: 30701
1314 9th Street SE
Dyersville IA   52040

SIMCOE CREDIT UNION
510 21st Street
Heyburn ID   83336

SCENIC FALLS FEDERAL CREDIT UNION
PO Box 50307
Idaho Falls ID     83405

POCATELLO RAILROAD FEDERAL CREDIT UNION
216 W Whitman
Pocatello ID    83204

ST ALPHONSUS MEDICAL CREDIT UNION
6130 Emerald
Boise ID    83704

CLEARWATER CREDIT UNION
PO Box 494
320 15th Street
Lewiston ID    83501

LES BOIS FEDERAL CREDIT UNION
393 South 3rd Street
Boise ID   83702

THIS IS AN AUTHENTICATED COPY OF THE ORIGINAL DOCUMENT FILED WITH THE DANE COUNTY CLERK OF CIRCUIT COURT.

CARLO ESQUEDA
CLERK OF CIRCUIT COURT

1

IDAHO FALLS TEACHERS CREDIT UNION
PO Box 2871
Idaho Falls ID    83403

EAST IDAHO CREDIT UNION
PO Box 1685
Idaho Falls ID    83403

CESSNA EMPLOYEES CREDIT UNION
Four Cessna Blvd
Wichita KS      67215

HEALTH SERVICES CREDIT UNION
1200 Associates Drive
Dubuque IA    52002

ADVANTAGE PLUS FEDERAL CREDIT UNION
PO Box 4610
Pocatello ID    83205

TRANSIT EMPLOYEES FEDERAL CREDIT UNION
2000 Bladensburg Road NE
Washington DC  20018

      Defendants.

COMPLAINT

      Plaintiff Cumis Insurance Society Company, Inc. ("Cumis"), by its attorneys identified below, and for its complaint against defendants Advantage Plus Federal Credit Union; Cessna Employees Credit Union; Clearwater Credit Union; East Idaho Credit Union; Health Services Credit Union; Idaho Falls Teachers Credit Union; Les Bois Federal Credit Union; Pocatello Railroad Federal Credit Union; Racom Community Credit Union; Simcoe Credit Union; St. Alphonsus Medical Credit Union; Scenic Falls Federal Credit Union; and

2

Transit Employees Federal Credit Union (collectively, "Defendants" or the "Credit Unions")
alleges as follows:

## Nature of the Action

1.     This is an action for declaratory relief under certain Cumis Form 500
Bonds (the "Bonds") issued by Cumis to Defendants.  Defendants contend that losses
allegedly caused them by LoriMac, Inc. ("LoriMac"), with whom each Defendant
contracted to provide various services, fall within the Employee or Director Dishonesty
Coverage (Coverage A) of the Bonds.  Cumis, which has been actively investigating the
Credit Unions' claimed losses, contends that Coverage A does not extend to losses
incurred in connection with Lori Mac's sale of real estate loans issued to Credit Union
members to the secondary market ("Sales Losses").  Since, on information and belief, the
losses claimed by Defendants consist exclusively of Sales Losses, Cumis brings this
action to have it declared that it has no duty to indemnify Defendants for their claimed
losses.

## The Parties

2.     Plaintiff Cumis is a Wisconsin corporation with its principal place of
business in Madison, Wisconsin.

3.     Upon information and belief, Defendant Advantage Plus Federal
Credit Union ("Advantage") is a credit union with its principal place of business in
Pocatello, Idaho.

3

4.      Upon information and belief, Defendant Cessna Employees Credit Union ("Cessna") is a credit union with its principal place of business in Wichita, Kansas.

5.      Upon information and belief, Defendant Clearwater Credit Union ("Clearwater") is a credit union with its principal place of business in Lewiston, Idaho.

6.      Upon information and belief, Defendant East Idaho Credit Union ("East Idaho") is a credit union with its principal place of business in Idaho Falls, Idaho.

7.      Upon information and belief, Defendant Health Services Credit Union ("Health Services") is a credit union with its principal place of business in Dubuque, Iowa.

8.      Upon information and belief, Defendant Idaho Falls Teachers Credit Union ("Idaho Falls") is a credit union with its principal place of business in Idaho Falls, Idaho.

9.      Upon information and belief, Defendant Les Bois Federal Credit Union ("Les Bois") is a credit union with its principal place of business in Boise, Idaho.

10.     Upon information and belief, Defendant Pocatello Railroad Federal Credit Union ("Pocatello") is a credit union with its principal place of business in Pocatello, Idaho.

11.     Upon information and belief, Defendant Racom Community Credit Union ("Racom") is a credit with its principal place of business in Dyersville, Iowa.

4

12.    Upon information and belief, Defendant Simcoe Credit Union ("Simcoe") is a credit union with its principal place of business in Idaho Falls, Idaho.

13.    Upon information and belief, Defendant St. Alphonsus Medical Credit Union ("St. Alphonsus") with its principal place of business in Boise, Idaho.

14.    Upon information and belief, Defendant Scenic Falls Federal Credit Union ("Scenic Falls") is a credit union with its principal place of business in Idaho Falls, Idaho.

15.    Upon information and belief, Defendant Transit Employees Federal Credit Union ("Transit") is a credit union with its principal place of business in Washington, D.C.

### General Allegations

16.    Cumis issued a Bond in Madison, Wisconsin effective on or about May 18, 2006 to Advantage.  Advantage submitted a Proof of Loss dated on or about June 15, 2007 to Cumis in the amount of $159,682.52.  Advantage claims that such loss resulted directly from dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Advantage as defined in the Bond.

17.    Cumis issued a Bond in Madison, Wisconsin effective on or about February 1, 2006 to Cessna.  Cessna submitted a Proof of Loss dated on or about June 15, 2007 to Cumis in the amount of $629,596.14.  Cessna claims that such loss resulted

5

directly from the dishonesty of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Cessna as defined in the Bond.

18.    Cumis issued a Bond in Madison, Wisconsin effective on or about September 20, 2006 to Clearwater.  Clearwater submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $91,734.02.  Clearwater claims that such loss resulted directly from the dishonesty of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Clearwater as defined in the Bond.

19.    Cumis issued a Bond effective on or about May 6, 2006 to East Idaho.  East Idaho submitted a Proof of Loss dated on or about June 15, 2007 to Cumis in the amount of $281,989.62.  East Idaho claims that such loss resulted directly from dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of East Idaho as defined in the Bond.

20.    Cumis issued a Bond in Madison, Wisconsin effective on or about July 17, 2006 to Health Services.  Health Services submitted a Proof of Loss dated on or about June 15, 2007 to Cumis in the amount of $863,144.87.  Health Services claims that such loss resulted directly from dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Health Services as defined in the Bond.

21.    Cumis issued a Bond in Madison, Wisconsin effective on or about May 10, 2006 to Idaho Falls.  Idaho Falls submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $200,502.76.  Idaho Falls claims that such loss

resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Idaho Falls as defined in the Bond.

22.   Cumis issued a Bond in Madison, Wisconsin effective on or about July 1, 2006 to Les Bois. Les Bois submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $462,747.17. Les Bois claims that such loss resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Les Bois as defined in the Bond.

23.   Cumis issued a Bond in Madison, Wisconsin effective on or about June 13, 2006 to Pocatello. Pocatello submitted a Proof of Loss dated on or about June 15, 2007 to Cumis in the amount of $268,437.80. Pocatello contends that such loss resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Pocatello as defined in the Bond.

24.   Cumis issued a Bond in Madison, Wisconsin effective on or about August 29, 2006 to Racom. Racom submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $62,626.84. Racom claims that such loss resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Racom as defined in the Bond.

25.   Cumis issued a Bond in Madison, Wisconsin effective on or about February 18, 2006 to Simcoe. Simcoe submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $84,592.50. Simcoe claims that such loss resulted

7

directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Simcoe as defined in the Bond.

26.     Cumis issued a Bond in Madison, Wisconsin effective on or about December 9, 2006 to St. Alphonsus. St. Alphonsus submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $71,489.42. St. Alphonsus claims that such loss resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of St. Alphonsus as defined in the Bond.

27.     Cumis issued a Bond in Madison, Wisconsin effective on or about March 24, 2006 to Scenic Falls. Scenic Falls submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $369,314.51. Scenic Falls claims that such loss resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Scenic Falls as defined in the Bond.

28.     Cumis issued a Bond in Madison, Wisconsin effective on or about October 1, 2006 to Transit. Transit submitted a Proof of Loss dated on or about June 13, 2007 to Cumis in the amount of $1,014,421.77. Transit claims that such loss resulted directly from the dishonest acts of LoriMac and its partners, officers and employees, who it contends are "employees" of Transit as defined in the Bond.

29.     On or about July 31, 2007, Cumis issued a letter to counsel for Advantage, Cessna, Clearwater, East Idaho, Health Services, Idaho Falls, Les Bois,

8

Pocatello, Racom, Simcoe, St. Alphonsus and Scenic Falls denying coverage for their claimed losses as described above.

30.    On or about July 31, 2007, Cumis issued a letter to counsel for Transit denying coverage for its claimed loss as described above.

31.    Coverage A of the Bonds provides:

We will pay you for your loss resulting directly from dishonest acts committed by an "employee" or "director," acting alone or in collusion with others.

Such dishonest acts must be committed by the "employee" or "director" with the manifest intent to:

a.    Cause you to sustain such loss; and

b.    Obtain financial benefit for the "employee" or "director," or any other person or entity.

Financial benefit does not include any benefits earned in the course of employment including salaries, commissions, bonuses, promotions, awards, profit sharing, business entertainment or pensions.

32.    "Employee" is defined under the Bonds as follows in pertinent part:

1.    "Employee" means persons who were, are, or may be in the future:

    a.    Acting under your immediate direction and control in the conduct of your business and while in the course or scope of performance of their assigned duties; and

    b.    Paid a regular wage or salary by you or by an employment service who provides such persons to you; or

9

\* \* \*

3.   For purposes of Employee or Director Dishonesty Coverage only, "employee" also means:

\* \* \*

c.   Persons you authorize, or persons employed by a partnership or corporation you authorize, to perform services as a processor of your checks, share drafts, automated clearinghouse items, member bill payments or accounting records. All persons employed by any partnership or corporation you authorize to perform such services, including its partners, officers and employees, will collectively be considered an "employee" for all purposes of this Bond, except for the Termination Or Limitation Of Coverage For Employee Or Director Condition.

\* \* \*

f.   "Servicing Contractors." All persons employed by any "servicing contractor," including its partners, officers, and employees, will collectively be considered one "employee" for all purposes of this Bond, except for the Termination Or Limitation Of Coverage For Employee Or Director Condition.

33.   "Servicing contractor" is defined under the Bonds as "any person or entity duly authorized by you to perform any of the following services and only while performing such services":

a.   Collect and record payments on real estate mortgage or home improvement loans; or

b.   Establish tax or insurance escrow accounts on real estate mortgage or home improvement loans, made, held or assigned by you; or

10

c.    Manage real property owned by you or under
your supervision and control.

## FIRST CLAIM FOR RELIEF

### (FOR DECLARATORY JUDGMENT)

34.    Cumis repeats and re-alleges paragraphs 1 through 33 above as
though fully set forth herein.

35.    Cumis is informed and believes, and on that basis alleges that,
pursuant to the terms and conditions of the Bonds, including but not limited to those
terms and conditions set forth hereinabove:

(a)    Cumis has no duty under the Bonds to indemnify Defendants for any
Sales Losses allegedly resulting from dishonest acts committed by LoriMac, or any
partner, officer or employee of LoriMac.

(b)    Each of the losses claimed by Defendants in their Proofs of Loss are
Sales Losses.

36.    Cumis is informed and believes, and on that basis alleges that
Defendants dispute Cumis' contention that it has no duty under the Bonds to indemnify
Defendants for any Sales Losses allegedly resulting from dishonest acts committed by
LoriMac, or any partner, officer or employee of LoriMac.

37.    Based upon the foregoing, an actual, present and justiciable
controversy now exists between Cumis and Defendants as to the rights, duties and

11

obligations of each party under their respective Bonds.  Cumis will suffer irreparable injury unless the relief requested is granted, as it has no adequate remedy at law.

### PRAYER

WHEREFORE, Cumis prays that this Court declare its rights and obligations, and those of Defendants, under the terms and provisions of the Bonds as follows:

That Cumis has no duty under the Bonds to indemnify Defendants for any Sales Losses allegedly resulting from dishonest acts committed by LoriMac, or any partner, officer or employee of LoriMac.

Dated:  September 11, 2007.

STAFFORD ROSENBAUM LLP

By _____
Joseph P. Wright
State Bar Number 1001904
Attorneys for Plaintiff

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
608.256.0226

12

# EXHIBIT "3"

STATE OF WISCONSIN        CIRCUIT COURT              DANE COUNTY
                             Branch 2

---

CUMIS INSURANCE SOCIETY, INC.
5910 Mineral Point Road
Madison, WI 53701
                  Plaintiff,

        v.                                     Case No. 07-CV-3335

RACOM COMMUNITY CREDIT UNION           Declaratory Judgment: 30701
1314 9th Street SE
Dyersville IA  52040

SIMCOE CREDIT UNION
510 21st Street
Heyburn ID  83336

SCENIC FALLS FEDERAL CREDIT UNION
PO Box 50307
Idaho Falls ID    83405

POCATELLO RAILROAD FEDERAL CREDIT UNION
216 W Whitman
Pocatello ID    83204

ST ALPHONSUS MEDICAL CREDIT UNION
6130 Emerald
Boise ID    83704



THIS IS AN AUTHENTICATED COPY OF THE
ORIGINAL DOCUMENT FILED WITH THE DANE
COUNTY CLERK OF CIRCUIT COURT.

CARLO ESQUEDA
CLERK OF CIRCUIT COURT

CLEARWATER CREDIT UNION
PO Box 494
320 15th Street
Lewiston ID    83501

LES BOIS FEDERAL CREDIT UNION
393 South 3rd Street
Boise ID    83702

1

IDAHO FALLS TEACHERS CREDIT UNION
PO Box 2871
Idaho Falls ID    83403

EAST IDAHO CREDIT UNION
PO Box 1685
Idaho Falls ID    83403

CESSNA EMPLOYEES CREDIT UNION
Four Cessna Blvd
Wichita KS      67215

HEALTH SERVICES CREDIT UNION
1200 Associates Drive
Dubuque IA    52002

ADVANTAGE PLUS FEDERAL CREDIT UNION
PO Box 4610
Pocatello ID    83205

TRANSIT EMPLOYEES FEDERAL CREDIT UNION
2000 Bladensburg Road NE
Washington DC  20018

       Defendants.

---

## AMENDED COMPLAINT

---

      Plaintiff Cumis Insurance Society Company, Inc. ("Cumis"), by its attorneys

identified below, and for its complaint against defendants Advantage Plus Federal Credit

Union; Cessna Employees Credit Union; Clearwater Credit Union; East Idaho Credit Union;

Health Services Credit Union; Idaho Falls Teachers Credit Union; Les Bois Federal Credit

Union; Pocatello Railroad Federal Credit Union; Racom Community Credit Union; Simcoe

Credit Union; St. Alphonsus Medical Credit Union; Scenic Falls Federal Credit Union; and

Transit Employees Federal Credit Union (collectively, "Defendants" or the "Credit Unions") alleges as follows:

Nature of the Action

1.      This is an action for declaratory relief under certain Cumis Form 500 Bonds (the "Bonds") issued by Cumis to Defendants. Defendants contend that losses allegedly caused them by LoriMac, Inc. ("LoriMac"), with whom each Defendant contracted to provide various services, fall within the Employee or Director Dishonesty Coverage (Coverage A) of the Bonds. Cumis, which has been actively investigating the Credit Unions' claimed losses, contends that Coverage A does not extend to losses incurred in connection with Lori Mac's sale of real estate loans issued to Credit Union members to the secondary market ("Sales Losses"). Since, on information and belief, the losses claimed by Defendants consist exclusively of Sales Losses, Cumis brings this action to have it declared that it has no duty to indemnify Defendants for their claimed losses.

The Parties

2.      Plaintiff Cumis is incorporated under the laws of the State of Iowa and has a principal place of business in Madison, Wisconsin.

3.      Upon information and belief, Defendant Advantage Plus Federal Credit Union ("Advantage") is a credit union with its principal place of business in Pocatello, Idaho.

3

4.    Upon information and belief, Defendant Cessna Employees Credit Union ("Cessna") is a credit union with its principal place of business in Wichita, Kansas.

5.    Upon information and belief, Defendant Clearwater Credit Union ("Clearwater") is a credit union with its principal place of business in Lewiston, Idaho.

6.    Upon information and belief, Defendant East Idaho Credit Union ("East Idaho") is a credit union with its principal place of business in Idaho Falls, Idaho.

7.    Upon information and belief, Defendant Health Services Credit Union ("Health Services") is a credit union with its principal place of business in Dubuque, Iowa.

8.    Upon information and belief, Defendant Idaho Falls Teachers Credit Union ("Idaho Falls") is a credit union with its principal place of business in Idaho Falls, Idaho.

9.    Upon information and belief, Defendant Les Bois Federal Credit Union ("Les Bois") is a credit union with its principal place of business in Boise, Idaho.

10.    Upon information and belief, Defendant Pocatello Railroad Federal Credit Union ("Pocatello") is a credit union with its principal place of business in Pocatello, Idaho.

11.    Upon information and belief, Defendant Racom Community Credit Union ("Racom") is a credit with its principal place of business in Dyersville, Iowa.

4

12.    Upon information and belief, Defendant Simcoe Credit Union ("Simcoe") is a credit union with its principal place of business in Idaho Falls, Idaho.

13.    Upon information and belief, Defendant St. Alphonsus Medical Credit Union ("St. Alphonsus") with its principal place of business in Boise, Idaho.

14.    Upon information and belief, Defendant Scenic Falls Federal Credit Union ("Scenic Falls") is a credit union with its principal place of business in Idaho Falls, Idaho.

15.    Upon information and belief, Defendant Transit Employees Federal Credit Union ("Transit") is a credit union with its principal place of business in Washington, D.C.

## General Allegations

16.    Cumis issued a Bond in Madison, Wisconsin effective on or about May 18, 2006 to Advantage. Advantage submitted a Proof of Loss dated on or about June 15, 2007 to Cumis in the amount of $159,682.52. Advantage claims that such loss resulted directly from dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Advantage as defined in the Bond.

17.    Cumis issued a Bond in Madison, Wisconsin effective on or about February 1, 2006 to Cessna. Cessna submitted a Proof of Loss dated on or about June 15, 2007 to Cumis in the amount of $629,596.14. Cessna claims that such loss resulted

directly from the dishonesty of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Cessna as defined in the Bond.

18.    Cumis issued a Bond in Madison, Wisconsin effective on or about September 20, 2006 to Clearwater. Clearwater submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $91,734.02. Clearwater claims that such loss resulted directly from the dishonesty of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Clearwater as defined in the Bond.

19.    Cumis issued a Bond effective on or about May 6, 2006 to East Idaho. East Idaho submitted a Proof of Loss dated on or about June 15, 2007 to Cumis in the amount of $281,989.62. East Idaho claims that such loss resulted directly from dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of East Idaho as defined in the Bond.

20.    Cumis issued a Bond in Madison, Wisconsin effective on or about July 17, 2006 to Health Services. Health Services submitted a Proof of Loss dated on or about June 15, 2007 to Cumis in the amount of $863,144.87. Health Services claims that such loss resulted directly from dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Health Services as defined in the Bond.

21.    Cumis issued a Bond in Madison, Wisconsin effective on or about May 10, 2006 to Idaho Falls. Idaho Falls submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $200,502.76. Idaho Falls claims that such loss

6

resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Idaho Falls as defined in the Bond.

22. Cumis issued a Bond in Madison, Wisconsin effective on or about July 1, 2006 to Les Bois. Les Bois submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $462,747.17. Les Bois claims that such loss resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Les Bois as defined in the Bond.

23. Cumis issued a Bond in Madison, Wisconsin effective on or about June 13, 2006 to Pocatello. Pocatello submitted a Proof of Loss dated on or about June 15, 2007 to Cumis in the amount of $268,437.80. Pocatello contends that such loss resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Pocatello as defined in the Bond.

24. Cumis issued a Bond in Madison, Wisconsin effective on or about August 29, 2006 to Racom. Racom submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $62,626.84. Racom claims that such loss resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Racom as defined in the Bond.

25. Cumis issued a Bond in Madison, Wisconsin effective on or about February 18, 2006 to Simcoe. Simcoe submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $84,592.50. Simcoe claims that such loss resulted

directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Simcoe as defined in the Bond.

26.    Cumis issued a Bond in Madison, Wisconsin effective on or about December 9, 2006 to St. Alphonsus.  St. Alphonsus submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $71,489.42.  St. Alphonsus claims that such loss resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of St. Alphonsus as defined in the Bond.

27.    Cumis issued a Bond in Madison, Wisconsin effective on or about March 24, 2006 to Scenic Falls.  Scenic Falls submitted a Proof of Loss dated on or about June 14, 2007 to Cumis in the amount of $369,314.51.  Scenic Falls claims that such loss resulted directly from the dishonest acts of LoriMac and officers and employees of LoriMac, who it contends are "employees" of Scenic Falls as defined in the Bond.

28.    Cumis issued a Bond in Madison, Wisconsin effective on or about October 1, 2006 to Transit.  Transit submitted a Proof of Loss dated on or about June 13, 2007 to Cumis in the amount of $1,014,421.77.  Transit claims that such loss resulted directly from the dishonest acts of LoriMac and its partners, officers and employees, who it contends are "employees" of Transit as defined in the Bond.

29.    On or about July 31, 2007, Cumis issued a letter to counsel for Advantage, Cessna, Clearwater, East Idaho, Health Services, Idaho Falls, Les Bois,

8

Pocatello, Racom, Simcoe, St. Alphonsus and Scenic Falls denying coverage for their claimed losses as described above.

       30.    On or about July 31, 2007, Cumis issued a letter to counsel for Transit denying coverage for its claimed loss as described above.

       31.    Coverage A of the Bonds provides:

We will pay you for your loss resulting directly from dishonest acts committed by an "employee" or "director," acting alone or in collusion with others.

Such dishonest acts must be committed by the "employee" or "director" with the manifest intent to:

    a.    Cause you to sustain such loss; and

    b.    Obtain financial benefit for the "employee" or "director," or any other person or entity.

Financial benefit does not include any benefits earned in the course of employment including salaries, commissions, bonuses, promotions, awards, profit sharing, business entertainment or pensions.

       32.    "Employee" is defined under the Bonds as follows in pertinent part:

    1.    "Employee" means persons who were, are, or may be in the future:

        a.    Acting under your immediate direction and control in the conduct of your business and while in the course or scope of performance of their assigned duties; and

        b.    Paid a regular wage or salary by you or by an employment service who provides such persons to you; or

9

\* \* \*

3.   For purposes of Employee or Director Dishonesty Coverage only, "employee" also means:

\* \* \*

c.   Persons you authorize, or persons employed by a partnership or corporation you authorize, to perform services as a processor of your checks, share drafts, automated clearinghouse items, member bill payments or accounting records. All persons employed by any partnership or corporation you authorize to perform such services, including its partners, officers and employees, will collectively be considered an "employee" for all purposes of this Bond, except for the Termination Or Limitation Of Coverage For Employee Or Director Condition.

\* \* \*

f.   "Servicing Contractors." All persons employed by any "servicing contractor," including its partners, officers, and employees, will collectively be considered one "employee" for all purposes of this Bond, except for the Termination Or Limitation Of Coverage For Employee Or Director Condition.

33.   "Servicing contractor" is defined under the Bonds as "any person or entity duly authorized by you to perform any of the following services and only while performing such services":

a.   Collect and record payments on real estate mortgage or home improvement loans; or

b.   Establish tax or insurance escrow accounts on real estate mortgage or home improvement loans, made, held or assigned by you; or

10

c.    Manage real property owned by you or under
your supervision and control.

## FIRST CLAIM FOR RELIEF

### (FOR DECLARATORY JUDGMENT)

34.    Cumis repeats and re-alleges paragraphs 1 through 33 above as
though fully set forth herein.

35.    Cumis is informed and believes, and on that basis alleges that,
pursuant to the terms and conditions of the Bonds, including but not limited to those
terms and conditions set forth hereinabove:

(a)    Cumis has no duty under the Bonds to indemnify Defendants for any
Sales Losses allegedly resulting from dishonest acts committed by LoriMac, or any
partner, officer or employee of LoriMac.

(b)    Each of the losses claimed by Defendants in their Proofs of Loss are
Sales Losses.

36.    Cumis is informed and believes, and on that basis alleges that
Defendants dispute Cumis' contention that it has no duty under the Bonds to indemnify
Defendants for any Sales Losses allegedly resulting from dishonest acts committed by
LoriMac, or any partner, officer or employee of LoriMac.

37.    Based upon the foregoing, an actual, present and justiciable
controversy now exists between Cumis and Defendants as to the rights, duties and

11

obligations of each party under their respective Bonds. Cumis will suffer irreparable

injury unless the relief requested is granted, as it has no adequate remedy at law.

## PRAYER

WHEREFORE, Cumis prays that this Court declare its rights and obligations, and

those of Defendants, under the terms and provisions of the Bonds as follows:

That Cumis has no duty under the Bonds to indemnify Defendants for any Sales

Losses allegedly resulting from dishonest acts committed by LoriMac, or any partner,

officer or employee of LoriMac.

Dated: November 16, 2007.

STAFFORD ROSENBAUM LLP

By
Joseph P. Wright
State Bar Number 1001904
Attorneys for Plaintiff

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
608.256.0226

12

# EXHIBIT "4"



801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Tel: 213.426.6900 Fax: 213.426.6921

www.sdma.com

November 21, 2007

VIA EMAIL AND REGULAR MAIL

Robert C. Gebhardt
JEFFER MANGELS BUTLER & MARMARO LLP
Two Embarcadero Center
5th Floor
San Francisco, California 94111

Michael H. Ahrens
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111

Re:   *Cessna Employees Credit Union v. CUNA Mutual Group, et al.,* U.S. District
      Court for the Northern District of California Case No.: CV 07 5771

Counsel:

As you know, we represent Cumis Insurance Society, Inc. ("Cumis"). Cumis is a named
defendant in the captioned lawsuit.

First, we write to advise you that, as of the date of filing of the complaint in the captioned matter,
and currently, Cumis is incorporated in the State of Iowa. Since you allege in the complaint that
plaintiffs Health Services Credit Union and Racom Community Credit Union are also
incorporated in the State of Iowa, there does not appear to be complete diversity of citizenship
between the plaintiffs and the defendants, and the District Court lacks subject matter jurisdiction
over the captioned matter. Accordingly, this is to request that you dismiss the captioned action
forthwith.

Second, you have sued the "CUNA Mutual Group" and alleged that the CUNA Mutual Group is
wholly owned by Cumis and is organized under the laws of Wisconsin. This is to advise you
that the CUNA Mutual Group is not a business entity, and is a trade reference to a group of
insurance companies, including Cumis, that are all incorporated in Iowa. Accordingly, this is to
request that you voluntarily dismiss the CUNA Mutual Group from the captioned matter.

Robert G. Gebhardt
Michael H. Ahrens
Re: Cumis Insurance Society/LORIMAC
Page 2


Third, Cumis has previously filed an action for declaratory relief in State Court in Wisconsin involving the same contract claims and the same parties as are involved in the captioned matter. Cumis believes that the Wisconsin action should proceed, and that the captioned matter is subject to dismissal, stay and/or abatement. Accordingly, this is also to request that you agree to dismiss the captioned action so that the previously filed action may be adjudicated and so that the parties may avoid unnecessary duplication of effort and expense.

Very truly yours,

Michael R. Davisson
David A. Ring
**SEDGWICK, DETERT, MORAN & ARNOLD LLP**

MRD:DAR:klr