1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    ROBERT C. GEBHARDT (Bar No. 48965)
2   J.T. WELLS BLAXTER (Bar No. 190222)
    Two Embarcadero Center, Fifth Floor
3   San Francisco, California 94111-3824
    Telephone:    (415) 398-8080
4   Facsimile:    (415) 398-5584
    Email:        rgebhardt@jmbm.com
5                 wblaxter@jmbm.com

6   Attorneys for Plaintiffs CESSNA EMPLOYEES CREDIT
    UNION, ADVANTAGE PLUS FEDERAL CREDIT UNION,
7   EAST IDAHO CREDIT UNION, HEALTH SERVICES CREDIT
    UNION, IDAHO FALLS TEACHERS CREDIT UNION, LES
8   BOIS FEDERAL CREDIT UNION, CLEARWATER CREDIT
    UNION, SCENIC FALLS FEDERAL CREDIT UNION, and
9   SIMCOE CREDIT UNION, ST. ALPHONSUS MEDICAL
    CREDIT UNION, POCATELLO RAILROAD FEDERAL
10  CREDIT UNION, RACOM COMMUNITY CREDIT UNION and
    TRANSIT EMPLOYEES FEDERAL CREDIT UNION

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

15  CESSNA EMPLOYEES CREDIT UNION; a          CASE NO.    CV 07 5771
    Kansas state chartered credit union;
16  ADVANTAGE PLUS FEDERAL CREDIT
    UNION, a Federally chartered credit union;
17  EAST IDAHO CREDIT UNION, an Idaho state    **DECLARATION OF ROBERT C.**
    chartered credit union; HEALTH SERVICES    **GEBHARDT IN SUPPORT OF**
18  CREDIT UNION; an Iowa state chartered credit  **PLAINTIFFS' OPPOSITION TO**
    union; IDAHO FALLS TEACHERS CREDIT          **DEFENDANTS' MOTION TO DISMISS**
19  UNION, an Idaho state chartered credit union;  **FOR LACK OF SUBJECT MATTER**
    and LES BOIS FEDERAL CREDIT UNION; a        **JURISDICTION OR, IN THE**
20  Federally chartered credit union;             **ALTERNATIVE, TO STAY ACTION**
    CLEARWATER CREDIT UNION, an Idaho           **PENDING COMPLETION OF FIRST-**
21  state chartered credit union; SCENIC FALLS    **FILED STATE COURT PROCEEDING**
    FEDERAL CREDIT UNION, a Federally
22  chartered credit union; and SIMCOE CREDIT
    UNION, an Idaho state chartered credit union,
23  ST. ALPHONSUS MEDICAL CREDIT
    UNION, an Idaho state chartered credit union;
24  POCATELLO RAILROAD FEDERAL
    CREDIT UNION, a Federally chartered credit
25  union; RACOM COMMUNITY CREDIT
    UNION, an Iowa state chartered credit union;
26  and, TRANSIT EMPLOYEES FEDERAL
    CREDIT UNION, a Federally chartered credit
27  union,

28              Plaintiffs,

PRINTED ON
RECYCLED PAPER

645061v1

Gebhardt Dec. ISO Opp. to Motion to Dismiss
Case No. CV 07 5771 JSW

1

2          v.

3    CUNA MUTUAL GROUP, a Wisconsin
     corporation and CUMIS INSURANCE
     SOCIETY, INC., a Wisconsin corporation,

4

5                 Defendants.

6

7              I, ROBERT C. GEBHARDT, declare:

8              1.      I am an attorney at law duly licensed to practice law before this Court.  I am one of

9    the attorneys of record for the thirteen Plaintiff Credit Unions.  I make this Declaration in Support

10   of Plaintiffs' Opposition to Defendants' Motion to Dismiss, or in the alternative, to stay this action.

11   Unless stated on information and belief, I have personal knowledge of the facts set forth herein and

12   if called as a witness herein could and would competently testify of the matters set forth below.

13             2.      Plaintiffs are thirteen credit unions, each of which entered into a "Credit Union

14   Support Services and Correspondent Mortgage Lending Agreement" (the "Servicing Agreement")

15   with a San Francisco entity named LoriMac, Inc ("LoriMac") during the years 2003 and 2004.

16             3.      Upon information and belief and pursuant to the express terms of the Servicing

17   Agreements, LoriMac agreed to perform services related to the initiation of mortgage loans to the

18   Credit Union members.  Thereafter, LoriMac was also authorized to, and in fact did service the

19   residential mortgage loans made to Credit Union members by collecting all principal, interest,

20   principal prepayments and loan payoffs, keeping full and complete records pertaining to each loan,

21   including collections made, and disbursements made for the distribution of principal, interest,

22   principal prepayment or loan payoffs, remitting payments collected, less servicing fees, to the

23   Credit Unions.  Finally, LoriMac agreed to and assisted each Credit Union in selling residential

24   mortgage loans originated by the Credit Unions to the secondary market.  After selling certain

25   residential mortgage loans to the secondary market, I am informed and believe that LoriMac

26   collected the proceeds of these sales and diverted, embezzled and otherwise misappropriated these

27   sale proceeds to its own uses and that of its officers.

28

JMBM  Jeffer Mangels
      Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

645061v1

Gebhardt Dec. ISO Opp. to Motion to Dismiss
Case No. CV 07 5771 JSW

1       4.       On January 8 and 12, 2007, twelve of the Credit Unions filed an action against

2    LoriMac in the Northern District Court – San Francisco Division (Case Nos. C 07 –120 JEW and C

3    07 –244 CRB).

4       5.       Shortly after serving LoriMac with these complaints, on February 13, 2007, LoriMac

5    declared bankruptcy under Chapter 7. On that same day, the Chief Executive Officer of LoriMac,

6    Lorraine Legg, invoked her Fifth Amendment right against self-incrimination and refused to

7    respond to questions posed by the bankruptcy trustee's lawyer.

8       6.       Within a few days of February 13 -- the first notice of criminal activity and losses

9    associated with it – I telephonically notified Cumis and CUNA of the Credit Unions losses and their

10   claims under the fidelity bonds issued by CUNA Mutual Group and/or Cumis Insurance Society,

11   Inc. (the "Bonds"). A true and correct copy of my associate's letters notifying CUNA and Cumis is

12   attached as Exhibit "A" to the Declaration of J.T. Wells Blaxter filed in support of the opposition to

13   Defendants' motion to dismiss.

14      7.       Defendants immediately proceeded to investigate Plaintiffs' claims. This process

15   included receiving notification of the claims and discussing same with me, provision by me of all

16   the background information requested by David Lynett, CUNA/Cumis' claims person for purposes

17   of evaluating Plaintiffs' claims and submission by me of the legal bases for Plaintiffs' claims under

18   the Bonds. A true and correct copy of David J. Lynett's March 27, 2007 formal acknowledgement

19   letter is attached hereto as Exhibit "A," together with his April 5, 2007 request for information.

20   True and correct copies of documents memorializing my personal discussions with Mr. Lynette are

21   attached hereto as Exhibit "B."

22      8.       On or about June 14 and 15, 2007, pursuant to the express terms of the Bonds, I

23   timely submitted, on behalf of the Credit Unions, their formal Proofs of Loss to Cumis and CUNA.

24   The formal Proofs of Loss detailed the amount of the loss suffered by each Credit Unions and the

25   manner in which the loss occurred. True and correct copies of these Proofs of Loss are attached

26   hereto as Exhibit "C."

27      9.       The Bonds require Defendants to pay the Credit Unions' losses resulting directly

28   from dishonest acts committed by "employees" -- as that term is defined in the Bonds.

JMBM  Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

645061v1

- 3 -

1    10.    I am informed and believe that Transit Employees Federal Credit Union notified

2    CUNA and Cumis of its claim on March 21, 2007.

3    11.    On July 31, 2007, Defendants denied coverage for the Credit Unions losses.  A true

4    and correct of David J. Lynett's June 31, 2007 letter denying coverage of the Credit Unions' claims

5    is attached hereto as Exhibit "D."

6    12.    Although the parties met once informally on August 14, 2007 and participated in a

7    mediation on November 12, 2007 before the Honorable Fern M. Smith, (Ret.) the parties have been

8    unable to resolve this coverage dispute.

9    13.    One of the Defendant insurers, Cumis Insurance Society, Inc. ("Cumis") filed a

10    declaratory relief action in the Circuit Court of Dane County, Wisconsin on September 11, 2007.

11    14.    The Wisconsin action was not served on any of the Credit Unions until November 14

12    and 15, 2007.

13    15.    The instant action was filed on November 14, 2007.

14    16.    On December 4, 2007, I caused the Wisconsin action to be removed to the United

15    States District Court for the Western District of Wisconsin.  This removal was based in part on the

16    allegations contained in the original Wisconsin state court action which admit that Cumis is a

17    Wisconsin corporation.

18    17.    Cumis has filed a motion to remand the Wisconsin action to the Dane County Circuit

19    Court on grounds there is no diversity jurisdiction because on May 3, 2007, after the claims process

20    was well under way, but before the filing of the instant action or the Wisconsin state court action,

21    Cumis had redomesticated itself to the State of Iowa.

22    18.    According to the Ring declaration, Cumis filed an amended complaint in Wisconsin

23    on November 16, 2007, which amended paragraph 2 of the Wisconsin state court  complaint to

24    allege that Cumis was an Iowa corporation.

25

26

27

28

PRINTED ON

RECYCLED PAPER

645061v1

- 4 -

JMBM  Jeffer Mangels
Butler & Marmaro LLP

1   19.   To date, none of the Credit Unions has been served with that amended complaint.

2

3        I declare under penalty of perjury under the law of the State of California that the

4   foregoing is true and correct.

5

6   Executed this _____ 21st _____ day of December 2007 at San Francisco, California.

7

8                                                    ROBERT C. GEBHARDT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

645061v1

Gebhardt Dec. ISO Opp. to Motion to Dismiss
Case No. CV 07 5771 JSW

JMBM  Jeffer Mangels
Butler & Marmaro LLP

# EXHIBIT A

David Lynett
Credit Union Protection
Ph: (800) 637-2676, ext 7551
Fax: (608) 231-7900
david.lynett@cunamutual.com



**CUNA MUTUAL GROUP**

*CUMIS Insurance Society, Inc.*

March 27, 2007

Bob Gebhardt
Jeffer Mangels Butler & Marmaro, LLP
Two Embarcadero Center
San Francisco CA   94111-3824

Claim number:   B0754005-Cessna Employees Credit Union ✓
B0756329-Health Services Credit Union
B0757339-Advantage Plus FCU ✓
B0747011-East Idaho Credit Union ✓
B0757013-Idaho Falls Teachers Credit Union ✓
B0757015-Les Bois FCU ✓
B0757016-Clearwater Credit Union
B0757017-St Alphonsus Medical Credit Union ✓
B0757019-Simcoe Credit Union ✓
B0757020-Scenic Falls FCU
Reference: Lori Mac Corporation

Dear Mr Gebhardt:

This letter will serve as formal acknowledgement of your notification to us that your credit union has been impacted by the recent bankruptcy of the Lori Mac Corporation (Lori Mac).  Based upon the information currently available to us it is unclear if coverage under the Bond will be applicable. However, we've enclosed a Proof of Loss which will need to be returned with any documentation and/or information you feel supports a loss under the Fidelity Bond

We're aware that Lori Mac provided loan origination, servicing and sales of mortgage loans to the secondary market their.  Because of the impact of Lori Mac's bankruptcy will have we'd like to get a better handle on the specific issues involved and therefore would like to immediately begin reviewing documentation and information relating to their relationship with your credit union. Although you have 180 days from the date of discovery of this problem to present any formal claim we ask that you immediately provide us with the following documentation:

1. A copy of your contract with Lori Mac.
2. Copies of your Board of Directors Minutes for the months you were contracted with Lori Mac.
3. A copy all NCUA exam reports for the time you were contracted with Lori Mac.
4. A copy of all audit reports, internal or external for the time you were contracted with Lori Mac.
5. A list of all loans serviced by Lori Mac
6. A list of all loans sold by Lori Mac.
7. A list of any other transactions completed with Lori Mac.
8. Documentation of your due diligence in hiring Lori Mac.

**EXHIBIT A**

**David Lynett**
Credit Union Protection
Ph: (800) 637-2676, ext 7551
Fax: (608) 231-7900
david.lynett@cunamutual.com



# CUNA MUTUAL GROUP

*CUMIS Insurance Society, Inc.*

April 5, 2007

Bob Gebhardt
Jeffer Mangels Butler & Marmaro
Two Embarcadero Center
San Francisco CA    94111-3824

Claim number:  B0758327
Reference: Raycom Community Credit Union

Dear Mr. Gebhardt:

It is our understanding that your credit union has been impacted by the recent bankruptcy of the Lori Mac Corporation (Lori Mac).

Lori Mac provided servicing and sales of mortgage loans to the secondary market. We are currently in the process of reviewing documentation and investigating the possible impact on our Fidelity Bond coverage. We are conducting the investigation under a Reservation of Rights. Our willingness to conduct such investigation should not be construed as a waiver of any rights or defenses under the Bond, in equity or at law.

To the extent that you have not already provided documentation please send us the following:

1.  A copy of your contract with Lori Mac.
2.  Copies of your Board of Directors Minutes for the months you were contracted with Lori Mac.
3.  A copy all NCUA exam reports for the time you were contracted with Lori Mac.
4.  A copy of all audit reports, internal or external for the time you were contracted with Lori Mac.
5.  A list of all loans serviced by Lori Mac
6.  A list of all loans sold by Lori Mac.
7.  A list of any other transactions completed with Lori Mac.
8.  Documentation of your due diligence in hiring Lori Mac.
9.  Any information you may have concerning insurance held or assets owned by Lori Mac.

We will give your claim prompt attention upon receipt of the requested documentation. Please be advised that review of this information could lead to additional requests for documents or interviews.

If you have any additional questions please contact me.

Sincerely,

David J. Lynett
Senior Claims Adjuster
Corporate Property Casualty Claims

# EXHIBIT B

**Gebhardt, Robert C.**

| | |
|---|---|
| **From:** | Lynett, David J. [David.Lynett@cunamutual.com] |
| **Sent:** | Friday, May 04, 2007 9:23 AM |
| **To:** | Gebhardt, Robert C. |
| **Subject:** | RE: Bond Claim of Advantage Plus Federal Credit Union, Les Bois Federal Credit Union, Pocatello Railroad Federal Credit Union |

Bob:

In follow up to our conversation today I am researching if we can have the documentation you have assimilated picked up from your office.

You confirmed that you will be sending me a letter summarizing your position shortly.

Dave

---

**From:** Gebhardt, Robert C. [mailto:RCG@JMBM.com]
**Sent:** Wednesday, May 02, 2007 1:34 PM
**To:** Lynett, David J.
**Subject:** FW: Bond Claim of Advantage Plus Federal Credit Union, Les Bois Federal Credit Union, Pocatello Railroad Federal Credit Union

Dear Mr. Lynett,

I neglected to add Scenic Falls Federal Credit Union as one of my clients. When you correspond with Mr. Ianno, would you please add that credit union to your request?

Thank you. I hope this does not inconvenience you.

Sincerely,

Bob Gebhardt

-----Original Message-----
**From:** von Goetz, Anne-Michele
**Sent:** Tuesday, May 01, 2007 12:02 PM
**To:** Gebhardt, Robert C.
**Subject:** Bond Claim of Advantage Plus Federal Credit Union, Les Bois Federal Credit Union, Pocatello Railroad Federal Credit Union

Dear Mr. Lynett
      This will confirm my telephone conversation with you this morning. Upon receipt of your request for copies of NCUA examination reports during the time the above referenced federal credit union clients had contracted with Lorimac, I obtained those reports and sent them to Mr. Meltzer at NCUA, requesting his authorization to release them to you. I spoke over the telephone with another lawyer in the General Counsel's Office of NCUA named John Ianno. He told me that CUNA and NCUA have an agreement that you may review its examination reports for purposes of evaluating bond claims. He told me that most members of the general counsel's staff at NCUA are unfamiliar with this agreement.

      He requested that you send him a letter in which you request those NCUA examination reports for the above referenced federal credit unions, pursuant to the NCUA/CUNA agreement. Mr. Ianno's fax number is 703-837-2769. Your request

**EXHIBIT $\beta$**

should be addressed to John Innano, Office of General Counsel, NCUA, 1775 Duke Street, Alexandria, VA 22314.

Mr. Innano told me to tell you if there are any problems, to contact him at 703-518-6551.

Thank you for your cooperation, Mr. Lynett. I am looking forward to discussing this matter further.

Very Truly Yours.

Robert C. Gebhardt

Anne-Michele von Goetz
Legal Secretary to Kerry Shapiro and Kyle La Londe
JMBM | Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3824

(415) 398-8080 x9628
(415) 398-5584 Fax
av1@jmbm.com
JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments. For further information, please visit JMBM.com.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication, including any attachments, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

12/21/2007

**Gebhardt, Robert C.**

| | |
|---|---|
| **From:** | Lynett, David J. [David.Lynett@cunamutual.com] |
| **Sent:** | Monday, May 07, 2007 6:57 AM |
| **To:** | Gebhardt, Robert C. |
| **Cc:** | Brown, Tanya R.; Christenson, John M. |
| **Subject:** | RE: Bond Claims re LoriMac:B0754005, B0756329, B0757339, B0747011, B0757013, B0757015, B0757016, B0757017, B0757019, B0757020, B0758327, B 0758246 |

Dear Bob:

We agree that all information provided is confidential and will only be used to evaluate the Bond claim.

Please continue to use the claim number you received from me on Racom.  Pocatello Railroad is claim number B0758246.

I am still hopeful that we can arrange to have the documentation picked up from your office.  We will be in touch with you as soon as possible on those arrangements.

Let me know if you have additional questions.

Dave

---

**From:** Gebhardt, Robert C. [mailto:RCG@JMBM.com]
**Sent:** Friday, May 04, 2007 4:30 PM
**To:** Lynett, David J.
**Subject:** Bond Claims re LoriMac:B0754005, B0756329, B0757339, B0747011, B0757013, B0757015, B0757016, B0757017, B0757019, B0757020, B0758327, B 0758246

Dear Mr. Lynett,

It would probably be prudent to confirm the various discussions we have recently had.

 First, though, let me address something we have not discussed. In an effort to expedite these claims, you requested certain information from each of my twelve clients.  Some of this information would be deemed confidential, such as the Board of Directors' meetings' minutes.  Will you please agree to treat all information I will provide you in a confidential manner, for the sole purpose of evaluating these bond claims?  If litigation ensues (I hope it will not), we can then enter into a more formal agreement. Please let me know if this is acceptable to you.

 For the most part, I have amassed the information you requested in your April 3, 2007 letter, and have gotten that information from Racom and Pocatello RRFCU as well.  One exception related to the governmental oversight departments' evaluations.

As I told you NCUA has an agreement with CUNA to share its otherwise confidential evaluations with CUNA for purposes of evaluating bond claims such as these.  I understand you have sent the required request to the person I told you about at NCUA.

The Kansas authority has issued a written allowance that I may turn over its evaluations, and that material that was prepared in connection with evaluations of the Cessna Employees Credit Union will be provided to you. I have requested The Superintendent of Credit Unions for the State of Iowa (governing Health Services CU and Racom Comm CU) to provide that authorization.  The individual  who makes that decision will not return to his office until next week, but I have reason to believe the approval will be forthcoming. Assuming I receive approval, I will turn the material over to your representative.

The Idaho Department of Finance refused to permit me to divulge its evaluations to you.  However, the woman with whom I spoke told me she would otherwise assist you in any way she can in

evaluating these claims. Her name is Mary Hughes, and her telephone number is 208-332-8030. Her e-mail address is mary.hughes@financeidaho.gov. Under these circumstances, I cannot hand over that department's evaluations of the Idaho state chartered credit unions that I represent.

We are in the process of preparing all formal claims to you. These will be sent to you within the next two weeks. You and I also discussed your desire that I provide a statement of my position regarding these claims to you as soon as possible. I propose to send it to you when I provide you with the formal claims.

A few other matters. Racom communicated with you in mid-February about whether it had a claim under its bond. Your company set up a claim number for it separate from the B0758327 number you have recently assigned.

I do not believe I received the claim number you assigned to the Pocatello RRFCU claim. Would you please provide it?

The material I have collected comprises about one banker's box. I believe it pretty well meets the requirements of your request. If you desire more, let me know and I will try to get it to you promptly. I understand you presently intend to have the law firm that you have selected pick up the material from my office. I will therefore hold it here until I receive your instructions.

Best personal regards.

Yours Truly,

Bob Gebhardt

---

Robert C. Gebhardt of
JMBM | Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
San Francisco, California 94111

(415) 398-8080 Main
(866) 558-6777 Fax
RGebhardt@jmbm.com
JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments. For further information, please visit JMBM.com.

Circular 230 Disclosure: To assure compliance with Treasury Department rules governing tax practice, we hereby inform you that any advice contained herein (including in any attachment) (1) was not written or intended to be used, and cannot be used, by you or any taxpayer for the purpose of avoiding any penalties that may be imposed on you or any taxpayer and (2) may not be used or referred to by you or any other person in connection with promoting, marketing or recommending to another person any transaction or matter addressed herein.

**Gebhardt, Robert C.**

| | |
|---|---|
| **From:** | Lynett, David J. [David.Lynett@cunamutual.com] |
| **Sent:** | Wednesday, May 09, 2007 10:17 AM |
| **To:** | Gebhardt, Robert C. |
| **Subject:** | Lori Mac |

Hi Bob:

I am writing to confirm that we are authorizing the Sedgwick firm to pick up the documents from your office for review on our behalf.

Please let me know if you have additional questions.

Dave


David J. Lynett
Senior Bond Claims Adjuster
CUNA Mutual Group
1.800.637.2676 Ext. 7551
david.lynett@cunamutual.com


The information contained in this message or any attached document is confidential and intended only for individuals to whom it is addressed. If you got this message in error, please inform me immediately using one of the methods above. In some cases, I may ask you to return the documents at my expense. In general, please simply destroy the information at once. Any unauthorized use, distribution, or copying of this information is prohibited.

# EXHIBIT C

# JMBM | Jeffer Mangels
# Butler & Marmaro LLP

Robert C. Gebhardt
Direct: (415) 984-9655
Fax: (866) 558-6777
RGebhardt@jmbm.com

Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3824
(415) 398-8080    (415) 398-5584 Fax
JMBM.com

Ref: 67840-0001

June 15, 2007

**VIA E-MAIL**
**VIA FIRST CLASS MAIL**

David Lynett
CUNA Mutual Group
P. O. Box 1221
5910 Mineral Point Road
Madison, WI 53701-1221

Re:    Claim number:    B0754005 – Cessna Employees Credit Union
B0756329 – Health Services Credit Union
B0757339 – Advantage Plus FCU
B0747011 – East Idaho Credit Union
B0757013 – Idaho Falls Teachers Credit Union
B0757015 – Les Bois FCU
B0757016 – Clearwater Credit Union
B0757017 – St Alphonsus Medical Credit Union
B0757019 – Simcoe Credit Union
B0757020 – Scenic Falls FCU
B0758246 – Pocatello Railroad Federal Credit Union
B0758327 – Racom Community Credit Union

Dear Mr. Lynett:

This law firm represents the credit unions referenced above. Each purchased a bond issued by CUNA, which provides coverage with sufficient limits to make them whole for the losses each suffered as a direct result of criminal acts of LoriMac, Inc. and its employees. Enclosed are Fidelity Proofs of Loss, filed on behalf of each of the twelve aforementioned credit unions.

I previously provided you with information with which you could begin your investigation into these claims. As I mentioned, there is a need to expedite the resolution of these claims if we can, because some of the credit unions listed above have been severely impacted by LoriMac's defalcations. We appreciate your cooperation.

Additionally, in an effort to speed things along, you have suggested that I provide you with a statement of the basis for these bond claims. You and I have discussed our positions at

# EXHIBIT C

David Lynett
June 15, 2007
Page 2

various times over the past few months.  You have raised certain oppositional points to these claims which I will attempt to address.  The analysis that follows is based on currently available information.  Either of us may alter or amend our positions if we cannot resolve our differences short of litigation.

## "EMPLOYEE"

Your bond covers losses resulting directly from dishonest acts committed by an "employee."  This is a defined term, and includes a corporation and its employees who the credit union has authorized to perform accounting records services, process the credit union's checks, act as an automated clearinghouse and act as a processor of the members' bill payments.

I have previously provided you with a copy of the contract by which each credit union engaged LoriMac to perform those exact services.  By the terms of those contracts, LoriMac was retained as an agent of each credit union to originate, process, underwrite and seek the credit union's disposition of each loan; as its agent, LoriMac was to assist in the closing of loans, arrange for funding, and service the loans.  The Loan Production Services which LoriMac was engaged to perform, and did perform, are set forth on pages 2 through 7 of the subject contract. Its loan servicing functions are found at pages 9 through 11.  LoriMac definitely met the definition of "employee," as that term is utilized in the bond held by each of the aforementioned credit unions.

## EMPLOYEE DISHONESTY

Under the bond, you agreed to pay for the credit unions' losses resulting directly from dishonest acts committed by an employee, with the manifested attempt to cause the credit union to sustain that loss, and to obtain financial benefit for either the employee or for any other person or entity.

The chief executive officer of LoriMac was Lorraine Legg.  Until mid-2006, the chief financial officer was John Castello; thereafter, Jeannette Adams served that function.  On February 13, 2007, LoriMac declared bankruptcy under Chapter 7.  On that day and several times thereafter  Lorraine Legg has invoked her Fifth Amendment rights in refusing to respond to questions put to her by the bankruptcy trustee's lawyer.  In a deposition taken subsequent to that date, Jeannette Adams also refused to testify on the same constitutional grounds. Notwithstanding their refusals to testify, pertinent documents bring the operations of LoriMac, Inc. into focus and demonstrate it to be a vehicle for embezzling funds that belonged to the above referenced credit unions.

Attached to this letter is both the bankruptcy petition and the submission of the trustee's attorney's request for payment of his bills.  These, together with conversations with the trustee's accountant, provide the following lurid picture.  Over the years, LoriMac did not earn a profit. Under the terms of the contract it had with each credit union, it was authorized to assist in the

JMBM | Jeffer Mangels
       Butler & Marmaro LLP

MS Word RCG SF 577553v1  67840-0001  6/13/07

David Lynett
June 15, 2007
Page 3

sale of the mortgages of credit union members to the secondary market. The money that it received on those sales was the property of the credit unions, and was held in trust for payment by LoriMac to the credit unions. Until about 2006, payments to the credit unions on these sales were made within 90 days of the sale.

These mortgages constituted property of the credit unions. The proceeds of the sale of those mortgages constituted the property of the credit unions. LoriMac -- rather than paying its rightful owners -- used the funds for other purposes, which included the upstream payment of about $1.8 million to TIS Financial Services during the year 2006. (See pp. 46 – 47 of the bankruptcy petition.) LoriMac's status as the servicer of the credit unions' mortgages enabled it to engage in a Ponzi-scheme for years; its activities are similar to the employees' actions described in *Howard, Weil*, infra at 1058, and *Wooddale*, infra at 633 - 634.

TIS Financial Services is 100% owned by Lorraine Legg. Misappropriation of the credit unions' funds in the manner described constitutes embezzlement. The failure to pay on each of these loans constitutes a dishonest act by LoriMac, Inc. -- an "employee" as defined by your bond. The motive for these misdeeds was to cause the credit unions monetary loss, and conversely was for the purpose of obtaining a financial benefit for either TIS Financial Services, the individual principals of LoriMac, or both. In short, the above referenced credit unions suffered losses which resulted directly from the dishonest acts of their employee, LoriMac.

## ACTS OUTSIDE OF THE DEFINITION OF "EMPLOYEE"

It is clear that LoriMac and its employees met the definition of "employee" under your credit union bond, and that the dishonesty of these employees directly resulted in a loss to the above referenced credit unions. In our discussions, you mentioned that any dishonest acts involving the misappropriation of proceeds from the sales of the mortgages to the secondary market were unrelated to the activities which brought the LoriMac personnel within the definition of "employee," and therefore those dishonest acts did not come within the aegis of your bond. In other words, as I understand your position, the issue is not so much whether LoriMac and its personnel were employees of the credit unions within the meaning of the bond, but the main issue is whether LoriMac was acting in its employment capacity at the time it committed its dishonest acts: since its dishonest acts were outside of that scope, there is no coverage under the bond.

This issue has been considered by the courts in the past, and I will touch upon a few of them. One is *Interstate Prod. Credit Ass'n. v. Fireman's Fund Ins. Co.,* 944 F.2d 536 (9th Cir. 1991). There, a man named Courtright was the president and principal shareholder of CCC. He became a member of the Board of Directors of NLPCA. NLPCA began lending money to CCC, with Courtright as the guarantor on the loans and loan extensions. During the time covered by the bond, Courtright falsified loan documents by inflating the worth of CCC. Fireman's Fund, under a bond somewhat similar to yours, refused to pay on NLPCA's claim and succeeded in

JMBM | Jeffer Mangels Butler & Marmaro LLP

David Lynett
June 15, 2007
Page 4

obtaining summary judgment by arguing that Courtright's fraudulent misrepresentations as an officer of CCC did not occur while he was performing the duties as an NLPCA director, and therefore his conduct as a NLPCA director or employee was not the cause of its losses. The Ninth Circuit rejected this argument and reversed the decision. The court stated:

> "The terms of the bond require proof of a direct financial loss through any dishonest act of an employee. The agreement does not require that the director's dishonesty be the sole cause of a direct financial loss. Courtright's failure to disclose the fraud perpetrated in obtaining loans, and loan extensions, for CCC caused a direct financial loss to [NLPCA]. 944 F.2d at 539

The parallels between that case and this one are clear. As the employee of the credit unions, and in violation of its fiduciary duties to the credit unions, LoriMac knew of, acquiesced in, and actively diverted funds which were the property of the credit unions. It was the credit unions' agent for the collection of principal and interest payments and, as such, was an "employee," and duty bound to remit those payments to the rightful owners. It is of no consequence that part of the scheme involved activities which exceed those which caused it to become our "employee" in the first place.

The *Interstate* court relied upon *Howard, Weil, et al. v. Insurance Co. of N. Amer.,* 577 F.2d 1055 (5th Cir. 1977). There Latham, an employee of a stock brokerage house, made a series of losing transactions on his personal house account which was provided him as a Howard, Weil broker. When called to cover his trades, Latham drew on an account in which he knew there were insufficient funds. Howard, Weil absorbed a $154,000 loss as a result. The insurance company argued against coverage, claiming its bond did not cover the losses because Latham, though an employee, was acting as a customer when he wrote the bad checks, and therefore was outside the role of employee as defined by the pertinent bond. The appellate court rejected that argument, noting that the bond -- again similar to the CUNA bond here -- covered

> '[l]oss through any dishonest or fraudulent act of any of the Employees . . . committed directly or by collusion with others.' This language would clearly embrace a collusive broker – customer arrangement to allow the customer to speculate at the expense of the broker's employer by meeting trading calls with bad checks. If the broker carried out such a scheme to the detriment of his employer, thus breaching a fiduciary obligation implicit in his employment, any loss incurred by his employer would unquestionably fall within the employee dishonesty coverage of the bond. The only difference between this example and the case before us is that here the broker and the employer are one and the same. 557 F.2d at 1058.

Unquestionably, LoriMac was an employee under the definition set forth in the bond. If I understand your position, LoriMac's services as a "facilitator" for the sale of those mortgages

David Lynett
June 15, 2007
Page 5

which it was servicing were outside its employee-related services, and thus not covered. The *Howard, Weil* case stands in opposition to your position. So do other cases.

Another case where the bonding company unsuccessfully embraced a position similar to yours is *Wooddale, Inc. v. Fidelity Dep. Co.*, 378 F.2d 627 (8th Cir.1967). In that case, Caldbeck was the President of Caldbeck Inc., a general contractor, and the owner of Caldbeck Construction Co., a sub-contractor. He qualified as an employee under Caldbeck Inc.'s bond. Caldbeck Inc. had a contract with Caldbeck Construction which called for periodic payments to it for materials and labor. Caldbeck executed checks from Caldbeck Inc. to Caldbeck Construction, knowing that he had misappropriated funds from previous checks, which caused losses to Caldbeck Inc. The district court granted summary judgment in favor of the bondsman on the ground that the loss occurred in Caldbeck's capacity as a contractor, rather than in the performance of his duties for the corporation. In reversing this decision, the appellate court held that the knowledge and acquiescence in his dishonest acts in any capacity to the detriment of the corporation constituted a breach of his duty to the corporation.

> "The situation is no different than if Caldbeck as President of Caldbeck, Inc. was issuing checks to another contractor in privity with the corporation, who with the full knowledge of Caldbeck was misappropriating the money and not paying the obligations invoiced. If Caldbeck in his position sat back and condoned these acts or in any way had been a party or privy to these misappropriations, under such circumstances it would be obvious that he had breached his fiduciary capacity or duties. . . . The acts of Caldbeck, the individual, known to Caldbeck, as President, constituted a failure to faithfully discharge his fiduciary duties as President of the Corporation and renders the surety liable under the bond" 378 F.2d at 634.

As this case applies to your position, the embezzlement of LoriMac, as seller of mortgages to the secondary market, with the knowledge of LoriMac personnel who serviced those mortgages as the credit unions' agent, constituted a failure by LoriMac to faithfully discharge the fiduciary duties it owed to those credit unions.

Finally, if you wished to restrict coverage of "employees" only to those items enumerated in the bond which caused LoriMac to become the "employee" of the credit unions, *e.g.*, keeping accounting records, then you should set forth that restriction in your bond, as you did in defining coverage for "servicing contractors," discussed immediately below. In other words, once an entity like LoriMac qualifies under your bond as an "employee," then your bond provides coverage for dishonest acts committed by that employee which directly result in a loss to the credit union and allows a financial benefit to the employee or another person or entity. You do not restrict the coverage of the bond to the specific acts which caused LoriMac to be deemed an "employee;" if that was your intent, it should be set forth in your bond.

JMBM  Jeffer Mangels
Butler & Marmaro LLP

David Lynett
June 15, 2007
Page 6

## SERVICING CONTRACTORS

Servicing contractors, and all persons employed by servicing contractors, are considered employees under the CUNA bond. The term "servicing contractor" means any person or entity duly authorized by the credit union to ". . . perform any of the following services and only while performing such services . . . ." This is the limitation which is absent in your definition of "employee" but which limits the scope of your coverage of a "servicing contractor."

LoriMac constituted a servicing contractor within this definition, in that it was authorized by each credit union to " [c]ollect and record payments on real estate mortgage . . . loans." Under the plain terms of the bond, LoriMac was acting as a servicing contractor when it collected payments for the sale of mortgages to the secondary market.

LoriMac's embezzlement occurred in the course of performing this service. It collected payment on the mortgages when they were sold, but wrongfully diverted those funds for its own benefit. Its status as a servicing contractor is an additional reason for our demand that CUNA make the credit unions whole for the losses directly occasioned by LoriMac's dishonesty.

## CONCLUSION

LoriMac's embezzlement caused a loss to each of the twelve credit unions referenced above. LoriMac qualified as an employee under the terms of the CUNA bond which was issued to each of the twelve credit unions, and it also qualified as a servicing contractor under those bonds. Demand is hereby made that CUNA make each credit union whole under the terms of the respective bonds issued to them.

This letter and its attachments should constitute part of the formal Fidelity Proofs of Loss which is being sent to you herewith. I understand it is acceptable to you that the interest calculations on the Fidelity Proofs of Loss are current as of February 13, 2007 instead of the date the forms are submitted to you; I also understand this agreement is without prejudice to CUNA to protest any payment of interest under the bond, and it is understood you will protest any obligation to do so in the future. I have also mentioned that at least one of my clients may have audit expenses that would be covered under your bond; you and I agreed that the Fidelity Proof of Loss may be amended to include those audit expenses, as appropriate.

David Lynett
June 15, 2007
Page 7


I am looking forward to discussing this with you soon.


Very truly yours,


ROBERT C. GEBHARDT of
Jeffer, Mangels, Butler & Marmaro LLP


RCG:jw
Enclosures

JMBM | Jeffer Mangels
Butler & Marmaro LLP

**CUNA MUTUAL GROUP**

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 ▪ 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 ▪ Fax: 608/231-7900
www.cunamutual.com

| E 56329 |
| --- |
| STATE & CONTRACT NO. |
| Iowa |

NOTICE ... person who knowingly and with intent to injure, defraud or deceive any insurance company, submits a statement of claim containing any false, incomplete or misleading information commits a crime.

## FIDELITY
## PROOF OF LOSS

### Must be completed by the credit union in its entirety

| Credit Union Name/Insured: Health Services Credit Union (HSCU) | Address: ☒ Main ☐ Branch 1200 Associates Dr., Dubuque, IA 52002 | | |
| --- | --- | --- | --- |
| Contact Person: Joseph Gonzalez - CEO/Manager | Telephone #: 563-589-8890 | Ext. #: | Date Loss Discovered: 2/13/07 |
| Credit Union e-mail address: joe@hscudbq.com | | | |

**Type of claim being filed (check one):**   x   **Employee or Director Dishonesty**   *(See reverse side*
_____   **Lack of Faithful Performance**   *to itemize loss.)*

**Amount of Loss:** $ 863,144.87 (including interest as of 2/13/07) = $ 863,144.87
(Less Deductible)   (Amount of Claim)

**Describe manner in which loss occurred:** See Attachment A. The letter of Robert C. Gebhardt to David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.

_____
_____
_____
_____
_____

LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all
**Employee full name:** officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA 94108
**Social Security #:** unknown or N/A   **Date of birth** unknown or N/A   **Date employed:** 12/14/04
**Position held by employee:** See Attachment B   **Last date of employment:** 6/7/06

**Law enforcement agency:** The matter has been recently referred to the US Department of Justice in San
**Address:** Francisco, California by the Bankruptcy Trustee's counsel.
**Phone #:** _____   **Case #:** To our knowledge there is no case number assigned yet

**Do you have any other insurance that applies to this loss:**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____   **Telephone #:** _____

STATE OF _IOWA_
COUNTY OF _DUBUQUE_

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
_15_ DAY OF _June_, _2007_

_____
(Signature of Credit Union Director and/or Officer)

NOTARY _[signature]_

D.L. Clemens
(Print Name and Title)

570823 v1
237-CCB-I (R2/02)

| D. L. CLEMENS |
| --- |
| Commission Number 7071 |
| My Comm. Exp. AUG. 31, 2007 |

# Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|---|---|---|---|
| 11/04/2005 | Loan No. 1724 | 83,920 | 00 |
| 2/20/2006 | Loan No. 1942 | 151,900 | 00 |
| 4/25/2006 | Loan No. 80222-001 | 105,000 | 00 |
| 4/28/2006 | Loan No. 1114-002 | 165,900 | 00 |
| 5/17/2006 | Loan No. 1813-009 | 90,000 | 00 |
| 6/7/2006 | Loan No. 90670-001 | 216,000 | 00 |
| | Plus accrued interest and fees | 50,424 | 87 |
| | **TOTAL LOSS** | 863,144 | 87 |

| CREDITS | AMOUNT | |
|---|---|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

| | | |
|---|---|---|
| **NET LOSS** | 863,144 | 87 |

570823 v1

237-CCB-1 (R2/02)

**CUNA MUTUAL GROUP**

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 • 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 • Fax: 608/231-7900
www.cunamutual.com

| CLAIM NO. |
|---|
| BL 57013 |
| STATE & CONTRACT NO. |
| Idaho |

NOTICE: Any person who knowingly and with intent to injure, defraud or deceive any insurance company, submits a statement of claim containing any false, incomplete or misleading information commits a crime.

### FIDELITY
### PROOF OF LOSS

Must be completed by the credit union in its entirety

| Credit Union Name/Insured: | Address: | ☒ Main | ☐ Branch |
|---|---|---|---|
| Idaho Falls Teachers Credit Union (IFTCU) | PO Box 2871, Idaho Falls, ID  83403 | | |

| Contact Person: Phillip Sorensen | Telephone #: | Ext. #: | Date Loss Discovered: |
|---|---|---|---|
| Credit Union e-mail address:  iftcu@srv.net | 208-522-8576 | | 2/13/07 |

**Type of claim being filed (check one):**      x      **Employee or Director Dishonesty**      *(See reverse side*
                                                               **Lack of Faithful Performance**         *to itemize loss.)*

**Amount of Loss: $** 200,502.76 (including interest as of 2/13/07)   **= $** 200,502.76
                              *(Less Deductible)*                    *(Amount of Claim)*

**Describe manner in which loss occurred:**   See Attachment A.  The letter of Robert C. Gebhardt to
      David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.

**Employee full name:**   LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA  94108
**Social Security #:** unknown or N/A   **Date of birth:** unknown or N/A  **Date employed:** 9/17/03
**Position held by employee:** See Attachment B.          **Last date of employment:** 2/23/06

**Law enforcement agency:** The matter has been recently referred to the US Department of Justice in San
**Address:** Francisco, California by the Bankruptcy Trustee's counsel.
**Phone #:** _____   **Case #:** _____

**Do you have any other insurance that applies to this loss:**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____   **Telephone #:** _____

STATE OF *Idaho*
COUNTY OF *Bonneville*

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
14 DAY OF *June* 2007          *Phillip M. Sorensen*
                                      (Signature of Credit Union Director and/or Officer)

NOTARY *Paul Sewell*          *Phillip M. Sorensen, Manager*
                                      (Print Name and Title)

*[Notary seal: PAUL J. SEWELL NOTARY PUBLIC STATE OF IDAHO]*

574568 v1
237-CCB-1 (R2/02)

# Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|---|---|---|---|
| 2/23/2006 | Loan IFT 910383406 | 189,200 | 00 |
| | Plus accrued interest through 2/13/07 | 11,302 | 76 |
| | | | |
| | **TOTAL LOSS** | 200,502 | 76 |

| CREDITS | AMOUNT | |
|---|---|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

| | | |
|---|---|---|
| **NET LOSS** | 200,502 | 76 |

574568 v1

237-CCB-1 (R2/02)



**CUNA MUTUAL GROUP**

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 • 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 • Fax: 608/231-7900
www.cunamutual.com

| CLAIM NO. |
|---|
| Bo 757015 |
| STATE & CONTRACT NO. |
| Idaho |

NOTICE ... y person who knowingly and with intent
to injure, defraud or deceive any insurance company,
submits a statement of claim containing any false,
incomplete or misleading information commits a crime.

## FIDELITY
## PROOF OF LOSS
Must be completed by the credit union in its entirety

| Credit Union Name/Insured:<br>Les Bois Federal Credit Union (LBFCU) | Address:<br>393 South 3rd St., Boise, ID  83702 | ☒ Main | ☐ Branch |
|---|---|---|---|

| Contact Person:  Kenneth J. Clifford - President/CEO | Telephone #:<br>208-338-1186 | Ext. #: | Date Loss Discovered:<br>2/13/07 |
|---|---|---|---|
| Credit Union e-mail address:   kclifford@lesboisfcu.org | | | |

**Type of claim being filed (check one):** ___x___   **Employee or Director Dishonesty**   *(See reverse side*
_____   **Lack of Faithful Performance**   *to itemize loss.)*

**Amount of Loss: $** _462,747.17_  (including interest as of 2/13/07)  = $ _462,747.17_
        (Less Deductible)                    (Amount of Claim)

**Describe manner in which loss occurred:** _____See Attachment A.  The letter of Robert C. Gebhardt to_
_David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference._
_____
_____
_____

                LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all
**Employee full name:** _officers and employees of LORIMAC, INC._____
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA  94108
**Social Security #:** unknown or N/A **Date of birth:** unknown or N/A **Date employed:** _1/30/04_
**Position held by employee:** _See Attachment B._          **Last date of employment:** _10/17/06_

**Law enforcement agency:** _The matter has been recently referred to the US Department of Justice in San_
**Address:** _Francisco, California by the Bankruptcy Trustee's counsel._____
**Phone #:** _____  **Case #:** _____

**Do you have any other insurance that applies to this loss:**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____  **Telephone #:** _____

STATE OF  _IDAHO_
COUNTY OF  _ADA_

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND
TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN.  UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION
ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
_14_ DAY OF _June_ , _2007_              _[signature]_
                                        (Signature of Credit Union Director and/or Officer)
NOTARY _[signature]_                    _Kenneth J Clifford, President/CEO_
        MY COMMISSION EXPIRES 4/27/2010      (Print Name and Title)

574567 v1
237-CCB-1 (R2/02)

*[Notary seal: PAUL E. BOWMAN — NOTARY PUBLIC — STATE OF IDAHO]*

# Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|---|---|---|---|
| 7/10/2006 | LEB 974983642 | 240,000 | 00 |
| 10/17/2006 | LES 266283622 | 208,000 | 00 |
| | Plus accrued interest through 2/13/07 | 14,747 | 17 |
| | **TOTAL LOSS** | 462,747 | 17 |

| CREDITS | AMOUNT | |
|---|---|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

| | NET LOSS | 462,747 | 17 |
|---|---|---|---|

237-CCB-1 (R2/02)



**CUNA MUTUAL GROUP**

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 ▪ 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 ▪ Fax: 608/231-7900
www.cunamutual.com

| CI... 4 NO. |
| --- |
| B..58246 |
| STATE & CONTRACT NO. |
| Idaho |

NOTICE ... person who knowingly and with intent to injure, defraud or deceive any insurance company, submits a statement of claim containing any false, incomplete or misleading information commits a crime.

# FIDELITY
## PROOF OF LOSS
### Must be completed by the credit union in its entirety

| Credit Union Name/Insured: | Address: ☒ Main | ☐ Branch Pocatello Office |
| --- | --- | --- |
| Pocatello Railroad Federal Credit Union (PRFCU) | 216 W. Whitman, Pocatello, ID 83204 | |

| Contact Person:  Clay Baden | Telephone #: | Ext. #: | Date Loss Discovered: |
| --- | --- | --- | --- |
| Credit Union e-mail address:  prfcuclay@ida.net | (208) 232-5746 | | 2/13/07 |

**Type of claim being filed (check one):** ___x___   **Employee or Director Dishonesty**   *(See reverse side*
                                                            **Lack of Faithful Performance**   *to itemize loss.)*

**Amount of Loss:** $ 268,437.80 (including interest as of 2/13/07) = $ 268,437.80
                                 (Less Deductible)                    (Amount of Claim)

**Describe manner in which loss occurred:** ___See Attachment A.  The letter of Robert C. Gebhardt to___
David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.
_____
_____
_____
_____
_____

            LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all
**Employee full name:** officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA  94108
**Social Security #:** unknown or N/A  **Date of birth:** unknown or N/A  **Date employed:** 5/6/84
**Position held by employee:**  See Attachment B.          **Last date of employment:** 3/29/06

**Law enforcement agency:** The matter has been recently referred to the US Department of Justice in San
**Address:** Francisco by the Bankruptcy Trustee's counsel.
**Phone #:** _____  **Case #:** _____

**Do you have any other insurance that applies to this loss:**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____  **Telephone #:** _____

STATE OF _____
COUNTY OF _____

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND
TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION
ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
15 DAY OF June 200.. _____
                                            (Signature of Credit Union Director and/or Officer)

NOTARY _Shelia Fulwyler_          CLAY BADEN, PRES/CEO
                                            (Print Name and Title)

573401 v1
237-CCB-1 (R2/02)

# Itemized Statement of Claim

| DATE | | DESCRIPTION OF ITEM | AMOUNT | |
|---|---|---|---|---|
| 12/19/05 | 1. | McKinnon Loan | 36,300 | 00 |
| | | Plus accrued interest to 2/13/2007 | 2,515 | 12 |
| 3/31/06 | 2. | Briggs Loan | 149,150 | 00 |
| | | Plus accrued interest to 2/13/2007 | 8,499 | 20 |
| 3/29/06 | 3. | Hansen Loan | 68,000 | 00 |
| | | Plus accrued interest to 2/13/2007 | 3,973 | 48 |
| | | **TOTAL LOSS** | 268,437 | 80 |

| CREDITS | AMOUNT | |
|---|---|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

| | NET LOSS | 268,437 | 80 |
|---|---|---|---|

573401 v1

237-CCB-1 (R2/02)

 **CUNA MUTUAL GROUP**

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 ▪ 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 ▪ Fax: 608/231-7900
www.cunamutual.com

| CL___ M NO. |
|---|
| Bu /58327 |
| **STATE & CONTRACT NO.** |
| Iowa |

NOTICE: ...y person who knowingly and with intent to injure, defraud or deceive any insurance company, submits a statement of claim containing any false, incomplete or misleading information commits a crime.

# FIDELITY
## PROOF OF LOSS

Must be completed by the credit union in its entirety

| Credit Union Name/Insured: Racom Community Credit Union (RCCU) | Address: ☒ Main ☐ Branch 1314 9th Street SE, Dyersville, IA 52040 | | |
|---|---|---|---|
| Contact Person: Lynn Nosbisch | Telephone #: (563) 875-7604 | Ext. #: | Date Loss Discovered: 2/13/07 |
| Credit Union e-mail address: racomccu@Iowatelecom.net | | | |

**Type of claim being filed (check one):**  ___x___  **Employee or Director Dishonesty**  *(See reverse side*
         _____  **Lack of Faithful Performance**  *to itemize loss.)*

**Amount of Loss:** $ 62,626.84 (including interest as of 2/13/07) = $ 62,626.84
                                (Less Deductible)                    (Amount of Claim)

**Describe manner in which loss occurred:** See Attachment A. The letter of Robert C. Gebhardt to David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.

**Employee full name:** LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA 94108
**Social Security #:** unknown or N/A  **Date of birth:** unknown or N/A **Date employed:** 7/22/04
**Position held by employee:** See Attachment B.  **Last date of employment:** 4/3/06

**Law enforcement agency:** The matter has been recently referred to the US Department of Justice in San
**Address:** Francisco by the Bankruptcy Trustee's counsel.
**Phone #:** _____  **Case #:** _____

**Do you have any other insurance that applies to this loss:**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____  **Telephone #:** _____

STATE OF _____
COUNTY OF _____

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS

14th DAY OF June , 2007      *Lynn R Nosbisch, Business Manager*
                                       (Signature of Credit Union Director and/or Officer)

NOTARY *Vicki M Maiers* _____

                                     *Lynn R Nosbisch Business Manager*
                                     (in Name and Title)

573396 v1
237-CCB-1 (R2/02)

**VICKI M MAIERS**
**Iowa Notarial Seal**
**Commission Number: 151703**
My Commission Expires 6 1 10

## Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|---|---|---|---|
| 4/3/2006 | Kramer Loan | 59,250 | 00 |
| | Interest accrued to 2/13/2007 | 3,376 | 84 |
| | **TOTAL LOSS** | 62,626 | 84 |

| CREDITS | AMOUNT | |
|---|---|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

| | NET LOSS | 62,626 | 84 |
|---|---|---|---|

573396 v1

237-CCB-1 (R2/02)



**CUNA MUTUAL GROUP**

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 • 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 • Fax: 608/231-7900
www.cunamutual.com

| CLAIM NO. |
|---|
| B0757017 |
| STATE & CONTRACT NO. |
| Idaho |

NOTICE: ...y person who knowingly and with intent to injure, defraud or deceive any insurance company, submits a statement of claim containing any false, incomplete or misleading information commits a crime.

## FIDELITY
## PROOF OF LOSS

Must be completed by the credit union in its entirety

| Credit Union Name/Insured: Saint Alphonsus Medical Credit Union (SAMCU) | Address: ☒ Main  ☐ Branch  6130 Emerald, Boise, ID 83704 |
|---|---|

| Contact Person: Kathy McCarthy | Telephone #: (208) 367-2224 | Ext. #: | Date Loss Discovered: 2/13/07 |
|---|---|---|---|
| Credit Union e-mail address: Kathy@Samcu.org | | | |

**Type of claim being filed (check one):** _____x_____  **Employee or Director Dishonesty**  *(See reverse side*
_____  **Lack of Faithful Performance**  *to itemize loss.)*

**Amount of Loss:** $ 71,489.42 (including interest as of 2/13/07) = $ 71,489.42
                           (Less Deductible)                          (Amount of Claim)

**Describe manner in which loss occurred:**  See Attachment A. The letter of Robert C. Gebhardt to David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.

_____

_____

_____

_____

        LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all
**Employee full name:** officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA 94108
**Social Security #:** unknown or N/A **Date of birth:** unknown or N/A **Date employed:** 11/21/03
**Position held by employee:** See Attachment B.                **Last date of employment:** 4/25/06

**Law enforcement agency:** The matter has been recently referred to the US Department of Justice in San
**Address:** Francisco by the Bankruptcy Trustee's counsel.
**Phone #:** _____  **Case #:** _____

**Do you have any other insurance that applies to this loss:**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____  **Telephone #:** _____

STATE OF **Idaho**
COUNTY OF **Ada**

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND
TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION
ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
**14** DAY OF **June** , **2007**                    *Kathy McCarty*
                                                        (Signature of Credit Union Director and/or Officer)

NOTARY *Danyel Brinkerhoff*          Kathy M. Carty  Pres/CEO
                                                        (Print Name and Title)

574291 v1
237-CCB-1 (R2/02)

## Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|---|---|---|---|
| 4/25/2006 | Loan - Vince Hutto | 68,000 | 00 |
| | Plus interest to 2/13/07 | 3,149 | 42 |
| | Plus origination fee | 340 | 00 |
| | | | |
| | **TOTAL LOSS** | 71,489 | 42 |

| CREDITS | AMOUNT | |
|---|---|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

| | NET LOSS | 71,489 | 42 |
|---|---|---|---|

574291 v1

237-CCB-1 (R2/02)

# CUNA MUTUAL GROUP

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 • 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 • Fax: 608/231-7900
www.cunamutual.com

| CLAIM NO. |
|---|
| B0757020 |
| STATE & CONTRACT NO. |
| Idaho |

NOTICE . . . ny person who knowingly and with intent
to injure, defraud or deceive any insurance company,
submits a statement of claim containing any false,
incomplete or misleading information commits a crime.

## FIDELITY PROOF OF LOSS

Must be completed by the credit union in its entirety

| Credit Union Name/Insured: Scenic Falls Federal Credit Union (SFFCU) | Address: ☒ Main  ☐ Branch  PO Box 50307, Idaho Falls, ID 83405 | | |
|---|---|---|---|
| Contact Person: Wayne Morgan - President   Credit Union e-mail address: wayne@scenicfalls.org | Telephone #: 208-522-1825 | Ext. #: | Date Loss Discovered: 2/13/07 |

Type of claim being filed (check one): __x__ **Employee or Director Dishonesty** *(See reverse side*
_____ **Lack of Faithful Performance** *to itemize loss.)*

Amount of Loss: $ 369,314.51 (including interest as of 2/13/07) = $ 369,314.51
(Less Deductible)                              (Amount of Claim)

Describe manner in which loss occurred: See Attachment A. The letter of Robert C. Gebhardt to David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.

_____

LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all
**Employee full name:** officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA 94108
**Social Security #:** unknown or N/A   **Date of birth:** unknown or N/A   **Date employed:** 9/19/03
**Position held by employee:** See Attachment B.   **Last date of employment:** 9/22/06

**Law enforcement agency:** The matter has been recently referred to the US Department of Justice in San
**Address:** Francisco by the Bankruptcy Trustee's counsel.
**Phone #:** _____   **Case #:** _____

**Do you have any other insurance that applies to this loss:**
Name of Insurer: LoriMac had two insurance policies, which have been provided to you.
Type of Coverage: Otherwise no known applicable policies exist. Coverage Limit: _____
Contact Person: _____   Telephone #: _____

STATE OF  *Idaho*
COUNTY OF  *Bonneville*

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND
TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION
ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
14 DAY OF June , 2007        *Wayne R Morgan*
                                (Signature of Credit Union Director and/or Officer)

NOTARY *Suzanne R Phillips*        WAYNE R MORGAN   PRESIDENT
Date of Expiration 8/10/2010                (Print Name and Title)

574566 v1
237-CCB-1 (R2/02)

# Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|---|---|---:|---|
| 1/31/06 | Alana Wells Loan | 141,000 | 00 |
| 7/3/06 | Lyn Cameron Loan | 108,000 | 00 |
| 9/22/06 | Donna Tomlin Loan | 98,000 | 00 |
| | Plus interest | 18,844 | 51 |
| | Plus origination fees | 3,470 | 00 |
| | **TOTAL LOSS** | 369,314 | 51 |

| CREDITS | AMOUNT | |
|---|---:|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

| | NET LOSS | |
|---|---:|---|
| | 369,314 | 51 |

# CUNA MUTUAL GROUP

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 ▪ 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 ▪ Fax: 608/231-7900
www.cunamutual.com

| C M NO. |
|---|
| B0757019 |
| STATE & CONTRACT NO. |
| Idaho |

NOTICE ... person who knowingly and with intent
to injure, defraud or deceive any insurance company,
submits a statement of claim containing any false,
incomplete or misleading information commits a crime.

## FIDELITY
## PROOF OF LOSS
### Must be completed by the credit union in its entirety

| Credit Union Name/Insured: | Address: ☒ Main    ☐ Branch |
|---|---|
| Simcoe Credit Union (SCU) | 510 21st Street, Heyburn, ID  83336 |

| Contact Person: Sharon Moncur | Telephone #: | Ext. #: | Date Loss Discovered: |
|---|---|---|---|
| Credit Union e-mail address:  Simcoe@pmt.org | 208-677-4519 | | 2/13/07 |

**Type of claim being filed (check one):**     x     **Employee or Director Dishonesty**     *(See reverse side*
                                                                  **Lack of Faithful Performance**     *to itemize loss.)*

**Amount of Loss:** $ 84,592.50  (including interest as of 2/13/07)  = $ 84,592.50
                                                    (Less Deductible)                        (Amount of Claim)

**Describe manner in which loss occurred:**    See Attachment A.  The letter of Robert C. Gebhardt to
David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.

                LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all
**Employee full name:** officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA  94108
**Social Security #:** unknown or N/A    Date of birth: unknown or N/A Date employed: 11/18/03
**Position held by employee:**    See Attachment B.    Last date of employment: 7/17/06

**Law enforcement agency:** The matter has been recently referred to the US Department of Justice in San
**Address:** Francisco, California by the Bankruptcy Trustee's counsel.
**Phone #:** _____    **Case #:** To our knowledge there is no case number assigned
                                                          yet.

**Do you have any other insurance that applies to this loss?**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____    **Telephone #:** _____

STATE OF *Idaho*
COUNTY OF *Minidoka*

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND
TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION
ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
1__ DAY OF June , 2007

NOTARY
PUBLIC

*(signature)*
(Signature of Credit Union Director and/or Officer)

Carie A. Call Chairman
(Print Name and Title)

SHARON L. MONCUR
NOTARY
PUBLIC
STATE OF IDAHO

574 64 .v1
237-CC

MY COMMISSION EXPIRES
May 13, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

## Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|---|---|---|---|
| 7/17/2006 | Fenstermaker Loan | 80,000 | 00 |
| | Plus interest | 3,490 | 00 |
| | Processing Fee | 200 | 00 |
| | Origination Fee | 402 | 50 |
| | TOTAL LOSS | 84,592 | 50 |

| CREDITS | AMOUNT | |
|---|---|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| TOTAL CREDITS | | |

| | | |
|---|---|---|
| NET LOSS | 84,592 | 50 |

**CUNA MUTUAL GROUP**

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 • 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 • Fax: 608/231-7900
www.cunamutual.com

| | |
|---|---|
| B0747011 | |
| STATE & CONTRACT NO. | |
| Idaho | |

NOTICE ... y person who knowingly and with intent to injure, defraud or deceive any insurance company, submits a statement of claim containing any false, incomplete or misleading information commits a crime.

## FIDELITY
## PROOF OF LOSS
### Must be completed by the credit union in its entirety

| Credit Union Name/Insured: | Address: ☒ Main ☐ Branch | | |
|---|---|---|---|
| East Idaho Credit Union (EICU) | P. O. Box 1865, Idaho Falls, ID 83403 | | |

| Contact Person: Mike Klements - Vice President/COO | Telephone #: | Ext. #: | Date Loss Discovered: |
|---|---|---|---|
| Credit Union e-mail address: mklements@eastidaho.org | 208-523-9068 | | 2/13/07 |

**Type of claim being filed (check one):** __x__    **Employee or Director Dishonesty**    *(See reverse side*
_____    **Lack of Faithful Performance**    *to itemize loss.)*

**Amount of Loss:** $ 281,989.62 (including interest as of 2/13/07)  = $ 281,989.62
                                               (Less Deductible)             (Amount of Claim)

**Describe manner in which loss occurred:** See Attachment A.  The letter of Robert C. Gebhardt to
                        David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.

                        LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all
**Employee full name:**          officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA 94108
**Social Security #:** unknown or N/A    **Date of birth:** unknown or N/A **Date employed:** 9/17/03
**Position held by employee:** See Attachment B.       **Last date of employment:** 6/13/06

          The matter has been recently referred to the US Department of Justice in San Francisco by the
**Law enforcement agency:** Bankruptcy Trustee's counsel.
**Address:** _____
**Phone #:** _____ **Case #:** To our knowledge there is no case number assigned
                        yet.
**Do you have any other insurance that applies to this loss:**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____ **Telephone #:** _____

STATE OF   *Idaho*
COUNTY OF   *Bonneville*

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND
TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION
ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS

18th DAY OF *June*, 2007       *Michael Klements*
                                    (Signature of Credit Union Director and/or Officer)

NOTARY    *T.T.*             *Michael Klements*    EVP/COO
    comm. exp. 1-8-2010                    (Print Name and Title)
574304 v1

# Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|------|---------------------|-------:|---|
| 3/15/06 | ES 1788983445 | 90,200 | 00 |
| 4/17/06 | ES 1680783467 | 30,000 | 00 |
| 6/13/06 | ES 2112110359 | 146,000 | 00 |
| | Plus interest accrued to 2/13/07 | 15,789 | 62 |
| | **TOTAL LOSS** | 281,989 | 62 |

| CREDITS | AMOUNT | |
|---------|--------|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

| | NET LOSS | |
|---|---------|---|
| | 281,989 | 62 |

574304 v1

237-CCB-1 (R2/02)



CUMIS Insurance Society, Inc.

P.O. Box 1221 • 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 • Fax: 608/231-7900
www.cunamutual.com

| CI_1 NO. |
| --- |
| B0__7339 |
| STATE & CONTRACT NO. |
| Idaho |

NOTICE... ,y person who knowingly and with intent
to inju..., defraud or deceive any insurance company,
submits a statement of claim containing any false,
incomplete or misleading information commits a crime.

## FIDELITY
## PROOF OF LOSS

Must be completed by the credit union in its entirety

Credit Union Name/Insured:
Advantage Plus Federal Credit Union    (APFCU)

Address: ☒ Main    ☐ Branch
P. O. Box 4610, Pocatello, ID  83205

Contact Person: Brent Neibaur - President

Credit Union e-mail address: neibaur_brent@advantagepluscreditunion.com

| Telephone #: 208-232-7711 | Ext. #: | Date Loss Discovered: 2/13/07 |

**Type of claim being filed (check one):** ___x___ **Employee or Director Dishonesty** *(See reverse side*
_____ **Lack of Faithful Performance** *to itemize loss.)*

**Amount of Loss: $** 159,682.52  (including interest as of 2/13/07)  = $ 159,682.52
                              (Less Deductible)                          (Amount of Claim)

**Describe manner in which loss occurred:** See Attachment A.  The letter of Robert C. Gebhardt to
David Lynett, dated 6/15/07 and attachment, is incorporated herein by this reference.
_____
_____
_____
_____

                    LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all
**Employee full name:** officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA  94108
**Social Security #:** unknown or N/A    **Date of birth:** unknown or N/A **Date employed:** 6/26/03
**Position held by employee:** See Attachment B.                  **Last date of employment:** 6/26/06

**Law enforcement agency:** The matter has been recently referred to the US Department of Justice in San
**Address:** Francisco, California by the Bankruptcy Trustee's counsel.
**Phone #:** _____  **Case #:** To our knowledge there is no case number assigned yet.

**Do you have any other insurance that applies to this loss:**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____  **Telephone #:** _____

STATE OF _____
COUNTY OF _____

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND
TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION
ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS

15 DAY OF June 2007

NOTARY _____

JOY GENTRY
NOTARY
PUBLIC
STATE OF IDAHO

_____
(Signature of Credit Union Director and/or Officer)

Brent Neibaur, President
(Print Name and Title)

570836 v1
237-CCB-1 (R2/02)

# Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|---|---|---|---|
| 1/9/2006 | Loan for Del Christensen | 64,300 | 00 |
| 4/26/2006 | Loan for Peterson | 86,500 | 00 |
| | Plus interest to 2/13/07 | 8,882 | 52 |
| | TOTAL LOSS | 159,682 | 52 |

| CREDITS | AMOUNT | |
|---|---|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| TOTAL CREDITS | | |

| | NET LOSS | |
|---|---|---|
| | 159,682 | 52 |

570836 v1

237-CCB-1 (R2/02)


## CUNA MUTUAL GROUP

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 ▪ 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 ▪ Fax: 608/231-7900
www.cunamutual.com

CLAIM NO.
B0754005
STATE & CONTRACT NO.
Kansas

NOTICE: Any person who knowingly and with intent
to injure, defraud or deceive any insurance company,
submits a statement of claim containing any false,
incomplete or misleading information commits a crime.

# FIDELITY
## PROOF OF LOSS
### Must be completed by the credit union in its entirety

| Credit Union Name/Insured: | Address: | ☒ Main | ☐ Branch |
|---|---|---|---|
| Cessna Employees Credit Union (CECU) | Four Cessna Blvd., Wichita, KS 67215 | | |

| Contact Person: Larry Damm - President | Telephone #: | Ext. #: | Date Loss Discovered: |
|---|---|---|---|
| Credit Union e-mail address: ldamm@cessna.textron.com | 316-517-6446 | | 2/13/07 |

**Type of claim being filed (check one):**   ___x___   **Employee or Director Dishonesty**   *(See reverse side to itemize loss.)*
   _____   **Lack of Faithful Performance**

**Amount of Loss:** $ 629,596.14 (including interest as of 2/13/07)   = $   629,596.14
                                                                                           (Less Deductible)                    (Amount of Claim)

**Describe manner in which loss occurred:**   See Attachment A.  The letter of Robert C. Gebhardt to David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.
_____
_____
_____
_____
_____

**Employee full name:** LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all officers and employees of LORIMAC,
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA 94108
**Social Security #:** unknown or N/A   **Date of birth:** unknown or N/A  **Date employed:** 3/20/03
**Position held by employee:** See Attachment B.                            **Last date of employment:** 7/19/06

**Law enforcement agency:** The matter has been recently referred to the US Department of Justice in San Francisco by the
**Address:** Bankruptcy Trustee's counsel.
**Phone #:** _____    **Case #:** To our knowledge there is no case number assigned
                                                                                      yet.

**Do you have any other insurance that applies to this loss:**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____    **Telephone #:** _____

STATE OF  Kansas
COUNTY OF  Sedgwick

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND
TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION
ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
15 DAY OF June , 2007

_____
(Signature of Credit Union Director and/or Officer)

NOTARY Christy L Bales

PRESIDENT
_____
(Print Name and Title)

Christy L Bales
Mgr. Notary

570822 v1
237-CCB-1 (R2/02)

CHRISTY L. BALES
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 4-2008

## Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|------|---------------------|-------:|---|
| 4/21/2006 | CES080867110 - Richards | 191,450 | 00 |
| 7/19/2006 | CES598567301 - Bradley | 65,300 | 00 |
| 4/26/2006 | CES612167342 - Killman | 17,800 | 00 |
| 4/6/2006 | SSF2112108620 - Barkely | 69,900 | 00 |
| 7/18/2006 | CES949367209 - Cruse | 98,600 | 00 |
| 3/31/2006 | CES890267213 - Lowrey | 152,030 | 00 |
| | Plus interest to 2/13/07 | 33,016 | 00 |
| | Plus fees | 1,500 | 00 |
| | **TOTAL LOSS** | 629,596 | 14 |

| CREDITS | AMOUNT | |
|---------|--------|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

|  | NET LOSS | 629,596 | 14 |
|--|----------|--------:|---|

 CUNA MUTUAL GROUP

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 ▪ 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 ▪ Fax: 608/231-7900
www.cunamutual.com

| CLAIM NO. |
|---|
| Bu 757016 |
| STATE & CONTRACT NO. |
| Idaho |

NOTICE: Any person who knowingly and with intent to injure, defraud or deceive any insurance company, submits a statement of claim containing any false, incomplete or misleading information commits a crime.

## FIDELITY
## PROOF OF LOSS

Must be completed by the credit union in its entirety

| Credit Union Name/Insured: | Address: ☒ Main ☐ Branch |
|---|---|
| Clearwater Credit Union  (CCU) | P.O. Box 494, 320-15th St., Lewiston, ID  83501 |

| Contact Person:  Barry F. Johnson - President | Telephone #: | Ext. #: | Date Loss Discovered: |
|---|---|---|---|
| Credit Union e-mail address:  bjohnson@clearwatercu.org | (208) 746-9836 | | 2/13/07 |

**Type of claim being filed (check one):** _____ x _____

**Employee or Director Dishonesty**   *(See reverse side to itemize loss.)*
_____ **Lack of Faithful Performance**

**Amount of Loss: $** 91,734.02  (including interest as of 2/13/07)   **= $** 91,734.02
                      (Less Deductible)                                      (Amount of Claim)

**Describe manner in which loss occurred:** _____ See Attachment A.  The letter of Robert C. Gebhardt to David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.

_____
_____
_____
_____

LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all
**Employee full name:** officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA  94108
**Social Security #:** unknown or N/A   **Date of birth** unknown or N/A **Date employed:** 10/23/03
**Position held by employee:** See Attachment B.   **Last date of employment:** 8/28/06

**Law enforcement agency:** The matter has been recently referred to the US Department of Justice in San
**Address:** Francisco, California by the Bankruptcy Trustee's counsel.
**Phone #:** _____   **Case #:** To our knowledge there is no case number assigned yet

**Do you have any other insurance that applies to this loss:**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____   **Telephone #:** _____

STATE OF _____ *Idaho* _____
COUNTY OF _____ *Nez Perce* _____

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
14th DAY OF June , 2003

NOTARY *Debi Taylor*
expires 4/11/2009

(Signature of Credit Union Director and/or Officer)

*Barry F. Johnson, President/CEO*
(Print Name and Title)

[Notary seal: DEBI TAYLOR, NOTARY PUBLIC, STATE OF IDAHO]

573403 v1
237-CCB-1 (R2/02)

# Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|------|---------------------|-------:|---|
| 8/28/2006 | Burrow Loan | 89,000 | 00 |
| | Interest @ 6.75% to 2/13/2007 | 2,734 | 02 |
| | | | |
| | **TOTAL LOSS** | 91,734 | 02 |

| CREDITS | AMOUNT | |
|---------|--------|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

| | NET LOSS | 91,734 | 02 |
|---|---|---|---|

573403 v1

237-CCB-1 (R2/02)

 CUNA MUTUAL GROUP

*CUMIS Insurance Society, Inc.*

P.O. Box 1221 ▪ 5910 Mineral Point Road
Madison, WI 53701-1221
Phone: 800/637-2676 ▪ Fax: 608/231-7900
www.cunamutual.com

| CLAIM NO. |
|---|
| B0747011 |
| STATE & CONTRACT NO. |
| Idaho |

NOTICE ... person who knowingly and with intent to injure, defraud or deceive any insurance company, submits a statement of claim containing any false, incomplete or misleading information commits a crime.

## FIDELITY
## PROOF OF LOSS
### Must be completed by the credit union in its entirety

| Credit Union Name/Insured: East Idaho Credit Union (EICU) | Address: ☒ Main ☐ Branch P. O. Box 1865, Idaho Falls, ID 83403 | | |
|---|---|---|---|
| Contact Person: Mike Klements - Vice President/COO | Telephone #: 208-523-9068 | Ext. #: | Date Loss Discovered: 2/13/07 |
| Credit Union e-mail address: mklements@eastidaho.org | | | |

**Type of claim being filed (check one):**   X _____ **Employee or Director Dishonesty**   *(See reverse side*
   _____ **Lack of Faithful Performance**   *to itemize loss.)*

**Amount of Loss:** $ 281,989.62 (including interest as of 2/13/07)  = $ 281,989.62
                                                     (Less Deductible)                    (Amount of Claim)

**Describe manner in which loss occurred:** ___ See Attachment A. The letter of Robert C. Gebhardt to
David Lynett, dated 6/15/07 and attachment, is incorporated herein by reference.

_____
_____
_____
_____

**Employee full name:** LORIMAC, INC., Lorraine O. Legg, Jeannette Adams, John Castello, and all officers and employees of LORIMAC, INC.
**Employee address:** 655 Montgomery Street, Suite 800, San Francisco, CA 94108
**Social Security #:** unknown or N/A   **Date of birth:** unknown or N/A   **Date employed:** 9/17/03
**Position held by employee:** See Attachment B.   **Last date of employment:** 6/13/06

The matter has been recently referred to the US Department of Justice in San Francisco by the
**Law enforcement agency:** Bankruptcy Trustee's counsel.
**Address:** _____
**Phone #:** _____   **Case #:** To our knowledge there is no case number assigned
                                                     yet.

**Do you have any other insurance that applies to this loss?**
**Name of Insurer:** LoriMac had two insurance policies, which have been provided to you.
**Type of Coverage:** Otherwise no known applicable policies exist. **Coverage Limit:** _____
**Contact Person:** _____   **Telephone #:** _____

STATE OF *Idaho*
COUNTY OF *Bonneville*

I AM FIRST DULY SWORN AND STATE: THIS STATEMENT AND ANY ATTACHMENTS ARE COMPLETE AND
TRUTHFUL RECITAL OF ALL THE FACTS AS NOW KNOWN. UPON PAYMENT OF THIS CLAIM, THE CREDIT UNION
ASSIGNS ALL RIGHT OF RECOVERY TO CUMIS INSURANCE SOCIETY, INC.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
18th DAY OF *June 2009*   *Michael Klements*
                                                     (Signature of Credit Union Director and/or Officer)

NOTARY _____   *Michael Klements EVP/COO*
comm. exp. 1-8-2010   (Print Name and Title)

574304 v1
237-CCB-1 (R2/02)

*(Notary seal: DANIELLE HORROCKS, NOTARY PUBLIC, STATE OF IDAHO)*

# Itemized Statement of Claim

| DATE | DESCRIPTION OF ITEM | AMOUNT | |
|---|---|---|---|
| 3/15/06 | ES 1788983445 | 90,200 | 00 |
| 4/17/06 | ES 1680783467 | 30,000 | 00 |
| 6/13/06 | ES 2112110359 | 146,000 | 00 |
| | Plus interest accrued to 2/13/07 | 15,789 | 62 |
| | **TOTAL LOSS** | 281,989 | 62 |

| CREDITS | AMOUNT | |
|---|---|---|
| SALARY, VACATION, SICK TIME _____ | | |
| SHARE ACCOUNTS _____ | | |
| OTHER CREDITS _____ | | |
| **TOTAL CREDITS** | | |

| | | |
|---|---|---|
| NET LOSS | 281,989 | 62 |

574304 v1

237-CCB-1 (R2/02)

# EXHIBIT D

**David Lynett**
Credit Union Protection
Ph: (800) 637-2676, ext 7551
Fax: (608) 231-7900
david.lynett@cunamutual.com



**CUNA MUTUAL GROUP**

*CUMIS Insurance Society, Inc.*

July 31, 2007

Robert Gebhardt
Jeffer Mangels Butler & Marmaro
Two Embarcadero Center
San Francisco CA 94111-3824

|  |  |
|---|---|
| Claim number: | B0758327, B0757020, B0757019, B0758246, |
|  | B0757017, B0757016, B0757015, B0757013, B0757011, |
|  | B0754005, B0756329, B0757399 |
| Reference: | LoriMac Corporation |

Dear  Mr. Gebhardt  :

On behalf of Cumis Insurance Society, Inc. ("Cumis"), we write to respond to your Proofs of Loss submitted on behalf of Racom Community Credit Union, Scenic Falls Federal Credit Union, Simcoe Credit Union, Pocatello Railroad Federal Credit Union, Saint Alphonsus Medical Credit Union, Clearwater Credit Union, Les Bois Federal Credit Union, Idaho Falls Teachers Credit Union, East Idaho Credit Union, Cessna Employees Credit Union, Health Services Credit Union, Advantage Plus Federal Credit Union (the "Credit Union") concerning loss(es) allegedly resulting from the dishonesty of LoriMac Corporation ("LoriMac").

As we understand the facts, the Credit Union contracted with LoriMac to originate, process, underwrite, service and/or sell Credit Union loans to the secondary loan market. The materials we have received to date indicate that the Credit Union retained LoriMac principally to broker loan sales to the secondary market. We further understand that the Credit Union alleges that LoriMac and/or its CEO, Lorraine O. Legg ("Legg"), did in fact sell loans for the Credit Union on the secondary loan market, but that LoriMac and/or Ms. Legg misappropriated the proceeds from such sales.

## DECLINATION OF COVERAGE FOR LORIMAC'S LOAN BROKING ACTIVITIES

We refer you to certain language from the Cumis Credit Union Bond (the "Bond") that may affect coverage for your claimed loss.

Coverage A of the Bond ["Employee and Director Dishonesty"] provides:

> We will pay you for your loss resulting directly from dishonest
> acts committed by an "employee" or "director," acting alone or in
> collusion with others.



Such dishonest acts must be committed by the "employee" or "director" with the manifest intent to:

a.     Cause you to sustain such loss; and

b.     Obtain financial benefit for the "employee" or "director," or any other person or entity.

Financial benefit does not include any benefits earned in the course of employment including salaries, commissions, bonuses, promotions, awards, profit sharing, business entertainment or pensions.

In addition, the Bond defines "employee" as follows:

1.  "Employee" means persons who were, are, or may be in the future:

   a.  Acting under your immediate direction and control in the conduct of your business and while in the course or scope of performance of their assigned duties; and
   b.  Paid a regular wage or salary by you or by an employment service who provides such persons to you; or
   c.  Persons serving on your committees appointed or elected by your Board Of Directors or by your membership in accordance with your bylaws or by written resolution of your Board Of Directors; or
   d.  Your credit union volunteers, except for "directors" acting as "directors"; or
   e.  Guest students while pursing studies or duties on your "premises"; or
   f.  Persons who are "directors" but are acting in the capacity of an "employee," as defined here.
. . . .

3.  For Employee Or Director Dishonesty Coverage only, "employee" also means:

   a.  Persons retained by you to act on your behalf to collect the unpaid balance of your delinquent "loan" account; or
   b.  Any "director" or person who meets the definition of "employee" in paragraph 1. above who handles funds or other property of any "employee benefit plan" owned, controlled or operated by you, while such "director" or person handles funds or other property of any such "employee benefit plan," or any other person who is a trustee, manager, officer or employee of any such "employee benefit plan."
   c.  Persons you authorize, or persons employed by a partnership or corporation you authorize, to perform services as a processor of your checks, share drafts, automated clearinghouse items, member bill payments or accounting records. All persons employed by any partnership or corporation you authorize to perform such services, including its partners, officers and employees, will collectively be considered one "employee" for all purposes of this Bond, except for the Termination Or Limitation Of Coverage For Employee Or Director Condition. However, the following

processors, and the persons employed by them, will not be considered "employees" under this Bond:
1) Developers or modifiers of computer software programs; or
2) A Federal Reserve Bank or a clearinghouse; or
3) A credit card or debit card processor.
d. Retained accountants and their staff only while performing accounting services for you; or
e. Retained attorneys and their staff only while performing legal services for you; or
f. "Servicing contractors." All persons employed by any "servicing contractor," including its partners, officers and employees, will collectively be considered one "employee" for all purposes of this Bond, except for the Termination Or Limitation Of Coverage For Employee Or Director Condition.

4. Unless specifically listed in paragraphs 1., 2. or 3. above, "employee" does not mean:

a. Independent contractors; or
b. Agents, meaning a person authorized by you to act for you; or
c. Brokers; or
d. Persons employed by the Federal Reserve system; or
e. Consultants; or
f. Persons acting on behalf of a "service center" including those who might otherwise be your "employee."

The Credit Union Bond defines "servicing contractor" as follows:

"Servicing contractor" means any person or entity duly authorized by you to perform any of the following services and only while performing such services:

a. Collect and record payments on real estate mortgage or home improvement loans; or
b. Establish tax or insurance escrow accounts on real estate mortgage or home improvement loans, made, held or assigned by you; or
c. Manage real property owned by you or under your supervision and control.

"Servicing contractor" includes the partners, officers and employees of entities duly authorized by you to perform any of the above services.

Based upon the foregoing, it does not appear that LoriMac was an "employee" within the meaning of the Bond. First, LoriMac is not an employee under paragraph 1 of the Bond's definition of "employee" because Lori Mac is not a person, and because neither Legg nor LoriMac were "acting under your immediate direction and control in the conduct of your business." To the contrary, it is our understanding that LoriMac was, at all times pertinent to your claim, an independent business entity that employed individuals that it controlled and directly compensated.

Second, it does not appear that LoriMac was an "employee" under paragraph 3 of the Bond's definition because LoriMac does not appear to have been a person "retained by you to act on

your behalf to collect the unpaid balance of your delinquent 'loan account'" (paragraph 3.a.), does not appear to have been a person "you authorize . . . to perform services as a processor of your checks . . . or accounting records (paragraph 3.c.), and does not appear to have been a person "employed by any 'servicing contractor'" (paragraph 3.f.).

More specifically, LoriMac does not appear to have been acting in the capacity of a 'servicing contractor' at the time that LoriMac (or LoriMac's employees) may have committed any dishonest acts. As noted above, "servicing contractor" is defined in the Bond to mean "any person or entity duly authorized by you to perform any of the following services *and only while performing such services*" (emphasis supplied). The services enumerated in the Bond do not appear to include the selling of loans on the secondary market. In fact, as noted above, brokers, agents, consultants, and independent contractors are expressly excluded from coverage unless they meet the requirements of paragraphs 1, 2, or 3 of the Bond's definition of employee. It is Cumis's position that, at the time of the allegedly dishonest conduct, LoriMac was not acting as a "servicing contractor," and therefore was not an "employee" within the meaning of the Bond. As a result, any Credit Union loss that resulted from LoriMac loan sales would not fall within the Bond's Employee and Director Dishonesty Coverage.

## RESERVATION OF RIGHTS

The above comments are not intended as a comprehensive recitation of all potential coverage issues raised by the Credit Union's claim. Cumis expressly and fully reserves all rights and defenses under the Bond and applicable law. Nothing in this or any other communication from Cumis should be considered a waiver of any such rights and defenses, which are instead fully reserved at all times.

In addition, and notwithstanding the foregoing, Cumis is willing to meet with you or any other representative of the Credit Union to discuss Cumis's position regarding the Credit Union's claimed losses. In that regard, Cumis also asks that, to the extent not already provided, the Credit Union give us a detailed accounting of any funds collected by LoriMac for principal and interest payments, or tax and insurance escrow accounts, that comprise all or part of the Credit Union's claimed loss.

Please contact me with any questions, or to suggest dates you are available to meet.

Sincerely,

David J. Lynett
Senior Claims Adjuster
Corporate Property Casualty Claims