1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   MICHAEL R. DAVISSON  Bar No. 83278
2  michael.davisson@sdma.com
   DAVID A. RING  Bar No. 190011
3  david.ring@sdma.com
   801 South Figueroa Street, 19th Floor
4  Los Angeles, California  90017-5556
   Telephone:   (213) 426-6900
5  Facsimile:   (213) 426-6921

6  Attorneys for Defendant
   CUMIS INSURANCE SOCIETY, INC., an Iowa corporation, and
7  CUNA MUTUAL GROUP, an erroneously sued non-entity

8
                        UNITED STATES DISTRICT COURT
9
                       NORTHERN DISTRICT OF CALIFORNIA
10
                            SAN FRANCISCO DIVISION
11

12 | CESSNA EMPLOYEES CREDIT UNION, a Kansas state chartered credit union; ADVANTAGE PLUS FEDERAL CREDIT UNION, a Federally chartered credit union; EAST IDAHO CREDIT UNION, a Idaho state chartered credit union; HEALTH SERVICES CREDIT UNION; an Iowa state chartered credit union; IDAHO FALLS TEACHERS CREDIT UNION, an Idaho state chartered credit union; LES BOIS FEDERAL CREDIT UNION, a Federally chartered credit union; CLEARWATER CREDIT UNION, an Idaho state chartered credit union; SCENIC FALLS FEDERAL CREDIT UNION, a Federally chartered credit union; SIMCOE CREDIT UNION, an Idaho state chartered credit union, ST. ALPHONSUS MEDICAL CREDIT UNION, an Idaho state chartered credit union; POCATELLO RAILROAD FEDERAL CREDIT UNION, a Federally chartered credit union; RACOM COMMUNITY CREDIT UNION, an Iowa state chartered credit union; and TRANSIT EMPLOYEES FEDERAL CREDIT UNION, a Federally chartered credit union, | CASE NO. CV 07 5771 (JSW)<br><br>Hon. Jeffrey S. White<br><br>**CUMIS' REPLY TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, TO STAY THE ACTION PENDING COMPLETION OF FIRST-FILED STATE COURT PROCEEDING**<br><br>[FRCP 12(b)(1)]<br><br>DATE:         January 11, 2008<br>TIME:         9:00 a.m.<br>COURTROOM:    2 |
|---|---|

            Plaintiffs,

         v.

LA/718245v1

-1-

CASE NO. CV 07 5771 (JSW)
REPLY TO OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

| | |
|---|---|
| 1 | |
| 2 | CUNA MUTUAL GROUP, a Wisconsin corporation and CUMIS INSURANCE SOCIETY, INC., a Wisconsin corporation, |
| 3 | |
| 4 | Defendants. |

Defendants Cumis Insurance Society, Inc. ("Cumis") and CUNA Mutual Group (an erroneously sued non-entity) respectfully submit the following reply to the opposition of plaintiffs to Cumis' motion to dismiss, or stay, this action.

## I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Cumis has moved to dismiss this action based upon the Court's lack of subject matter jurisdiction because, as the plaintiffs concede, the plaintiffs and the defendants were not completely diverse at the time that this action was commenced (Cumis and two of the credit union defendants are all Iowa corporations). In opposing Cumis' motion, the plaintiff credit unions (the "Credit Unions") make the novel (and unsupported) argument that the citizenship of the parties for purposes of jurisdiction is determined at the time that the Credit Union's provided notice of their claims to Cumis. In so doing, the Credit Unions ask this Court to ignore over 175 years of judicial precedent which establishes, unequivocally, that the citizenship of the parties for purposes of diversity jurisdiction is determined at the time that the complaint is filed. This Court should follow established precedent, and grant, as it must, Cumis' motion to dismiss for lack of subject matter jurisdiction.

Alternatively, this court should stay or dismiss this action pursuant to the *Colorado River* doctrine and/or federal comity. In response to Cumis' alternative motion to stay this action pending resolution of the first-filed action in Wisconsin state court (the "Wisconsin Action,"), the Credit Unions concede that this lawsuit should be stayed pending resolution of Cumis' motion to remand the Wisconsin Action (a first-filed state court action which the Credit Unions improperly removed to federal court). However, this court should decline plaintiffs' invitation to

engage in half measures and should dismiss this case in favor of the Wisconsin Action. This Court should take this step because, as Cumis demonstrates below, regardless of whether this court applies the factors outlined by the U.S. Supreme Court in *Colorado River* or applies those standards utilized to accomplish comity between the federal courts, Wisconsin is the more appropriate forum to adjudicate this action. Accordingly, this matter should be stayed and/or dismissed pending the outcome of the first-filed Wisconsin Action.

## II.

## ARGUMENT

### A. Diversity Jurisdiction is Determined as of the Date of the Filing of the Complaint.

As noted in Cumis' moving papers, a district court lacks jurisdiction over the subject matter of an action under 28 U.S.C. section 1332 unless all plaintiffs and all defendants are completely diverse. 28 U.S.C. § 1332 (a); *Exxon Mobil Corp. v. Allapatah Servs., Inc.*, 546, 553, 125 S. Ct. 2611.[1] Moreover, it is literally hornbook law that citizenship for purposes of diversity jurisdiction is determined as of the date of filing of the complaint. *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 574-75 (2004); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). In *Grupo Dataflux*, the Supreme Court described the pedigree of the time-of-filing rule:

> To our knowledge, the Court has never approved a deviation from the rule articulated by Chief Justice Marshall in 1829 that "where there is *no* change of party, a jurisdiction depending upon the condition of the party is governed by that condition as it was at the commencement of the suit. . . . We decline to do what the Court has refused to do for the past 175 years.

*Grupo Dataflux*, 541 U.S. at 574-75.

Notwithstanding the foregoing, the Credit Unions argue that *Central Nat'l Bank in Chicago v. Continental Cas. Co.*, 182 F.2d 407 (7th Cir. 1950) creates an exception to the time-of-filing rule. Plaintiffs argue that *Central Nat'l Bank* creates a rule by which Defendants' "states of incorporation and principal places of business were frozen in Wisconsin" because the

---

[1] As set forth in Defendants' moving papers, Cumis became an Iowa corporation on May 3, 2007, and was an Iowa corporation when this action was commenced (November 14, 2007). As also set forth in the moving papers, two plaintiffs in this action were citizens of Iowa when the complaint was filed, such that the Credit Unions cannot carry their burden of establishing complete diversity between plaintiff and defendants on the date the action was commenced.

Credit Unions' claims were "pending" at the time Cumis was a Wisconsin citizens. (Opposition, 2:13-18.) However, plaintiffs read *Central Nat'l Bank* too broadly.

In *Central Nat'l Bank*, the plaintiff was an Illinois bank that sued an Indiana insurance company. The Indiana insurance company merged with an Illinois corporation after plaintiff had submitted its proof of loss, but before the complaint was filed. The surviving company then sought to dismiss the action based upon the theory that the Indiana insurance company had ceased to exist. The Seventh Circuit held that this merger (effected pursuant to Indiana law) did not preclude the claimant's right to prosecute its claim in federal court in light of an Indiana Insurance Code provision providing that an existing claim may be prosecuted to judgment as if the merger had not taken place. Accordingly, for the purposes of plaintiff prosecuting it's claim to judgment, the Indiana insurance company continued to exist after the merger. *Central Nat'l Bank*, 182 F.2d at 408-09. As a result, the jurisdictional issue became moot because the Indiana corporation continued to exist, and complete diversity existed at the time of filing of the complaint.[2] *Central Nat'l Bank*, therefore, does not create an exception to the "time-of-filing" rule. Rather, it upholds the notion that the citizenship of the parties is determined at the time that the complaint is filed. Plaintiffs are simply misapprehending the meaning of *Central Nat'l Bank* when they argue that an insurance company's citizenship becomes "frozen" when claims are made on its bonds.[3]

---

[2] Once the Seventh Circuit made the finding that the plaintiff's claim survived the merger, the *Central Nat'l Bank* Court did not need to consider the issue of subject matter jurisdiction as such had become moot. As the court stated:

> This appeal presents two issues: Whether the Indiana corporation was in existence for the purpose of this suit on December 29, 1948, after it had been merged into the Illinois corporation. (2) Whether under the pleadings in this case the trial court of this court has any jurisdiction over the Illinois corporation. If the first of these issues is decided in favor of the plaintiff, the second issue becomes moot.

*Id.* at 407.

[3] Moreover, even if one were to assume for argument's sake only that *Central Nat'l Bank* changes the "time of filing" rule (which it does not, as demonstrated above), that case is factually inapposite to the situation here. First, in the evidence submitted by plaintiffs, the Credit Unions describe a prospective merger between CUNA Mutual Life Insurance Company ("CMLIC") with CUNA Mutual Insurance Society ("CMIS") (Blaxter Dec., Exh. B, pp. 25-26) to support their theory that this case is analogous factually to *Central Nat'l Bank*. However, both CMLIC and CMIS are life insurance companies which are separate and distinct from Cumis, and the merger of those companies is

**B.  Alternatively, this Action Should be Dismissed or Stayed Pending Resolution of the Identical Wisconsin Federal Court Action.**

Originally, and in the alternative, Cumis sought a stay of this action because of the existence of a first-filed state court action in Wisconsin. In response, the Credit Unions argued that *Colorado River* does not apply because the first-filed Wisconsin state court action has been removed to federal court in Wisconsin. (Opposition, 9:14-11:17.)

The Credit Unions are correct that, as of the date of filing of this Reply, there is no concurrent state court action in Wisconsin. The Credit Unions removed the action filed by Cumis in Dane County, Wisconsin Circuit Court, despite being fully aware of the absence of complete diversity between the parties thereto. Cumis has moved to remand the Wisconsin Action for lack of subject matter jurisdiction, but the Western District of Wisconsin has not yet ruled on that motion.

Notwithstanding the foregoing, and regardless of whether this court were to apply the factors set forth in the *Colorado River* doctrine (which is utilized when there is a first-filed state court action), or the federal comity doctrine (which is utilized when there is a first-filed federal court action), a district court has the discretion to transfer, stay, or dismiss an action when a complaint involving substantially similar parties and issues has already been filed in another court. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 C. Ct. 1236 91976). Here, a first-filed and essentially identical action is now pending in the Western District of Wisconsin, While plaintiffs argue that this action should be stayed only pending the resolution of Cumis' motion to remand the Wisconsin Federal Court action, Cumis believes that this court should dismiss this case altogether so that the current dispute can be litigated in Wisconsin, regardless of whether the case remains in the Western District of Wisconsin, or is remanded to Wisconsin state

---

irrelevant to any issue in this action. Second, plaintiffs' Proofs of Loss were submitted in June 2007, after Cumis became an Iowa corporation. Accordingly, the claims here had arguably had not yet accrued when Cumis became an Iowa corporation.

1  court.

2  In that regard, the Credit Unions argue that this coverage dispute belongs in this Court because "San Francisco is where the dishonest acts giving rise to coverage under the Bonds occurred, where most of the evidence of the losses is located, and whether many of the witness to the Credit Unions' losses live." (Opposition, 10:14-17.) However, plaintiffs ignore that: (1) no one knows at this point exactly where the dishonest acts or losses, if any, occurred as Lorimac had offices and employees in San Francisco, New Jersey and Idaho; (2) the witnesses and documentary evidence that exist in this case, be it from the Credit Unions, Cumis or Lorimac, are located in any number of states, including Kansas, Iowa, Idaho, New Jersey, Wisconsin, Washington, D.C., and California; (3) no Cumis insured, and, indeed, no party to this case, is a citizen of or domiciled in California; (4) Lorimac employees located in San Francisco may never provide any substantive testimony as they have to date, invoked the protection of the 5th Amendment Privilege against self-incrimination; (5) the Cumis Bonds at issue in this case were issued in Wisconsin; (6) the Credit Unions have answered Cumis' complaint and filed a counterclaim in the Wisconsin Action; and (7) the District Court for the Western District of Wisconsin has already conducted a preliminary pre-trial conference and set a June 2008 trial date.

As a result, Cumis' decision to litigate this coverage dispute in Wisconsin is appropriate and is entitled to "substantial deference." *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000); *Lou v. Belzburg*, 834 F.2d 730, 739 (9th Cir. 1987). Moreover, the disputes between the parties to this case will be adjudicated quickly in Wisconsin, as evidenced by the early trial date set by the Wisconsin District Court, and as evidenced by the population disparity between California and Wisconsin.

### III.

### CONCLUSION

For the foregoing reasons, and those set forth in their moving papers, Cumis respectfully submits that this action should be dismissed because this Court lacks subject matter jurisdiction. In the alternative, Cumis contends that this court should stay and/or dismiss this action in favor

1  of the litigation now pending in Wisconsin.

2  DATED: December 5, 2007                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

4
5                                   By:    /s/Michael R. Davisson
                                           Michael R. Davisson
                                           David A. Ring
6                                          Attorneys for Defendant
                                           CUMIS INSURANCE SOCIETY INC., an Iowa
7                                          corporation, and CUNA MUTUAL GROUP, an
                                           erroneously sued non-entity