IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESSNA EMPLOYEES CREDIT UNION, et al., | |
| Plaintiffs, | No. C 07-05771 JSW |
| v. | |
| CUNA MUTUAL GROUP, et al., | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | |

Now before the Court is the motion to dismiss for lack of subject matter jurisdiction filed by defendants Cumis Insurance Society, Inc. ("Cumis") and CUNA Mutual Group (collectively, "Defendants"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for January 11, 2008 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court hereby grants Defendants' motion to dismiss.

**BACKGROUND**

Plaintiffs, thirteen credit unions, are suing Defendants on fidelity bonds they issued to Plaintiffs. Plaintiffs allege that this Court has jurisdiction over their state-law claims against Defendants based on diversity jurisdiction.

Two of the Plaintiffs, Health Services Credit Union and Rancom Community Credit Union, are citizens of Iowa. (Compl., ¶¶ 5, 13.) Plaintiffs allege that Cumis is a citizen of

Wisconsin. (*Id.*, ¶ 16.) In mid-February of 2007, Plaintiffs notified Defendatns of their losses and claims under the bonds. (Declaration of Robert C. Gebhardt ("Gebhardt Decl."), ¶ 6; Declaration of J.T. Wells Blaxter ("Blaxter Decl."), ¶ 3, Ex. A.) Defendants then began investigating Plaintiffs' claims. (Gebhardt Decl., ¶ 7.) Pursuant to the terms of the bonds, Plaintiffs submitted formal proofs of loss to Cumis and CUNA on June 14 and 15, 2007. (Gebhardt Decl., ¶ 8, Ex. C.)

On November 14, 2007, Plaintiffs filed their complaint in the above captioned action. Approximately six months earlier, on May 3, 2007, Cumis had filed "Restated Articles of Incorporation of Cumis Insurance Society, Inc." with the Secretary of State of Iowa, which explain that the company redomesticated from the State of Wisconsin to the State of Iowa in accordance with Iowa Code sections 490.902 and 515.99. (Declaration of Janice C. Doyle, Ex. 1.) Cumis filed this document as a result of a merger between it an entity named Cumis Mutual Life Insurance Company. (Blaxter Decl., ¶ 3.)

Defendants filed a motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## ANALYSIS

### A. Legal Standards Applicable to a Motion to Dismiss.

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship or a federal question, or those cases to which the United States is a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court only has original subject matter jurisdiction in diversity cases where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332. No plaintiff can be a citizen of the same state as any of the defendants. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *see also Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) ("Diversity jurisdiction under § 1332 requires

2

complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants.").

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004.) Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence that would be properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

**B.  Complete Diversity is Lacking.**

Plaintiffs assert only state-law causes of action against Defendants, and thus, they must demonstrate the existence of diversity jurisdiction. Defendants contend that federal jurisdiction is lacking because there is not complete diversity between the parties. As stated above, there must be complete diversity, meaning no plaintiff can be a citizen of the same state as any of the defendants. *Strawbridge*, 7 U.S. at 267; *see also Allstate*, 358 F.3d at 1095.

For purposes of diversity jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c); *see also Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Diversity of citizenship is determined at the time the complaint is filed. *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005).

Plaintiffs argue that because they gave notice of their claims and Cumis began investigating such claims before the merger occurred, their claims may proceed against Cumis as though the merger did not take place. In other words, the Court should consider Cumis as incorporated in Wisconsin for purposes of this action. In support of this proposition, Plaintiffs

3

rely on a Seventh Circuit case. *See Central Nat'l Bank in Chicago v. Continental Cas, Co.*, 182 F.2d 407 (7th Cir. 1950).

The issue addressed by the court in *Central National Bank* was whether, when the complaint was filed in 1948, an Indiana corporation was in existence for the purpose of the suit after it had been merged into the Illinois corporation. *Id*. at 407. The plaintiff alleged that it had given notice to the defendant of its claims and filed a proof of loss in 1947, before the merger. The merger was effected under Indiana law, which provided that "any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or such single corporation may be substituted in its place." *Id*. at 408 (quoting Ind. Stat. § 39-3912(e)). The merger agreement included the same provision. *Id*. The plaintiff argued, and the court agreed, that the claim for losses sustained prior to the merger on which the plaintiff gave notice and filed a proof of claim prior to the merger constituted a "claim existing" within the meaning of the Indiana statute. *Id*. at 408-09. The court rejected the defendant's argument that a claim did not exist until legal proceedings were pending. The court reasoned that if "claim existing" was limited to where an instrument had been filed in some form of legal proceedings pending at the date of the merger, then the words "claim existing" would be rendered meaningless. *Id*. Because at the time of the merger the plaintiff had a "claim existing" within the meaning of the Indiana statute, the court held that "the defendant Indiana corporation after its merger with the Illinois corporation continued to exist for the purpose of prosecuting plaintiff's claim to judgment as if such merger had not taken place." *Id*. at 409.

Plaintiffs argue that under Wisconsin law, the Court should find the same result – that Cumis continues to exist as a Wisconsin corporation for purposes of Plaintiffs prosecuting their claim. Wisconsin law provides, in pertinent part, that when a merger takes place "[a] civil, criminal, administrative, or investigatory proceeding pending by or against any business entity that is a party to the merger may be continued as if the merger did not occur, or the surviving business entity may be substituted in the proceeding for the business entity whose existence ceased." Wisc. Stat. § 181.1106(4). The pertinent language under the Wisconsin statute differs

4

from the Indiana statute analyzed by the court in *Central National Bank*. The Wisconsin statute merely provides that pending proceedings may proceed as if the merger did not occur, not "existing claims" as in the Indiana statute. Here, proceedings did not begin until Plaintiffs filed this action, which occurred after the merger. Because Cumis was incorporated in Iowa at the time the complaint was filed, it was a citizen of Iowa for purposes of diversity jurisdiction. Therefore, complete diversity does not exist and the Court grants Defendants' motion to dismiss.[1]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: January 2, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court is granting Defendants' motion to dismiss for lack of jurisdiction, the Court need not address their additional basis for dismissal raised in their motion, the *Younger* abstention doctrine.

5